UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-895-MOC-DCK

| | | |
|---|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| DRIVEN BRANDS HOLDINGS INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a

Claim, filed by Defendants Driven Brands Holdings Inc. ("Driven"), Jonathan Fitzpatrick

("Fitzpatrick"), and Tiffany Mason ("Mason") (collectively, "Defendants"). (Doc. No. 37).

## I.      BACKGROUND

This case arises from Defendants' alleged false and misleading statements about

Defendant Driven's strategic growth in building a nationwide auto-glass operation and growing

its car wash business. In assessing Defendants' motion to dismiss under FED. R. CIV. P. 12(b)(6),

the Court presumes that the factual allegations in Plaintiff Genesee County Employees'

Retirement System's ("Plaintiff") Amended Complaint, including those described below, are

true.

Defendant Driven is the country's largest automotive care provider. (Doc. No. 31 ¶ 27).

Defendant Driven told investors that its M&A success was driven by a proven and reproducible

"bolt-on" or "tuck-in" strategy that gave it a competitive advantage and helped achieve growth.

(Id. ¶ 32). Defendant Driven told investors that it planned to grow rapidly, and that two of the

1

most important parts of its growth plan were to "bolt on" auto-glass businesses and to grow earnings in its car wash business. (Id. ¶ 36). Plaintiff alleges that Defendants made various statements assuring investors that Defendants were making progress with those plans. (Id. ¶ 45, 47). However, the auto-glass campaign was experiencing serious problems, slowing the timeline and making it impossible to reach Defendants' deadlines. (Id. ¶ 59, 62). Moreover, Defendants told investors that the car wash equipment was working beautifully. (Id. ¶ 47). However, most of the car washes required either full rebuilds or substantial reinvestment, which Defendants failed to make. (Id. ¶ 68).

In October 2022, Defendants announced that the auto-glass platform was still a year away from being able to service insurance providers, and that same-store sales in the car wash business had declined year-over-year. (Id. ¶ 74). Defendant Driven's stock price declined by more than 7% on the day of those announcements. (Id. ¶ 75). On May 8, 2023, Defendant Driven's CFO, Defendant Mason, was terminated, and she subsequently sold nearly 70% of her stock in the company. (Id. ¶¶ 82–83). On August 2, 2023, Defendant Driven disclosed that it was several quarters behind on its auto-glass integration and acknowledged that it had been seeing declines in car wash business sales over the past two years. (Id. ¶¶ 84–85). Defendant Driven reduced its EPS guidance by 24%, though it had reaffirmed it prior to Defendant Mason's firing. (Id. ¶ 86). Defendant Driven's stock price dropped by 41% from close on August 1, 2023 to close on August 2, 2023. (Id. ¶ 88). In September 2023, Defendant Driven announced that it did not expect to complete auto-glass integration until 2024, that it would write-down the business by $851 million, and that it would close dozens of car washes and pause new openings. (Id. ¶¶ 94–95).

On December 22, 2023, Plaintiff filed a Complaint alleging (1) violation of Section 10(b)

and 10b-5 of the Exchange Act against all Defendants, and (2) violation of Section 20(a) of the Exchange Act against individual Defendants Fitzpatrick and Mason. (Doc. No. 1). On August 13, 2024, Plaintiff filed an Amended Complaint, making the same allegations. (Doc. No. 31). On October 14, 2024, Defendants filed a Motion to Dismiss for Failure to State a Claim. (Doc. No. 37). Plaintiff filed a Response, and Defendants filed a Reply. (Doc. Nos. 42, 43). The matter is now ripe for disposition.

## II. LEGAL STANDARD

Defendants have moved to dismiss under FED. R. CIV. P. 12(b)(6). Under FED. R. CIV. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). That said, to survive Defendants' 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Instead, a complaint survives only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

3

**III.    DISCUSSION**

Here, given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss, pending further development of the record.

**IV.    CONCLUSION**

Defendants' motion to dismiss is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendants' motion to dismiss, (Doc. No. 37), is **DENIED**.

Signed: February 20, 2025

Max O. Cogburn Jr.
United States District Judge

4