## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

-----------------------------------------------------------

GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, on behalf of itself
and all others similarly situated,

              Plaintiffs,

         v.

DRIVEN BRANDS HOLDINGS INC.,
JONATHAN G. FITZPATRICK, and
TIFFANY L. MASON

             Defendants.

-----------------------------------------------------------

**NO. 23-cv-00895-MOC-DCK**

**ORAL ARGUMENT REQUESTED**

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION FOR RECONSIDERATION

**ROBINSON, BRADSHAW& HINSON, PA**
Adam K. Doerr, N.C. Bar No. 37807
101 N. Tryon St., Ste. 1900
Charlotte, NC 28246
Tel.: (704) 377-8114
adoerr@robinsonbradshaw.com

*Local Counsel for Defendants Driven Brands
Holdings Inc. and Jonathan G. Fitzpatrick*

**GIBSON, DUNN & CRUTCHER LLP**
Christopher D. Belelieu (*pro hac vice*)
Nathan C. Strauss (*pro hac vice*)
Bethany Saul (*pro hac vice*)
200 Park Ave.
New York, NY 10166
Tel.: (212) 351-4000
cbelelieu@gibsondunn.com
nstrauss@gibsondunn.com
bsaul@gibsondunn.com

*Counsel for Defendants Driven Brands
Holdings Inc. and Jonathan G. Fitzpatrick*

**WINIKER LAW FIRM, PLLC**
S. Frederick Winiker, III, N.C. Bar No. 22390
Winiker Law Firm, PLLC
352 N Caswell Rd.
Charlotte, NC 28204
Tel.: (704) 333-8440
swiniker@winikerlaw.com

*Local Counsel for Defendant Tiffany L. Mason*

**ROTTENBERG LIPMAN RICH, P.C.**
Steven Kayman (*pro hac vice*)
Jennifer A. Kreder (*pro hac vice*)
230 Park Ave., 18th Floor
New York, NY 10169
Tel.: (212) 661-3080
skayman@rlrpclaw.com
jkreder@rlrpclaw.com

*Counsel for Defendant Tiffany L. Mason*

Defendants Driven Brands Holdings Inc., Jonathan G. Fitzpatrick, and Tiffany L. Mason ("Defendants") submit this memorandum of law in support of their motion for reconsideration of the Court's order, ECF No. 45 ("Order"), denying Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 37 (the "Motion to Dismiss"), or, in the alternative, to amend the Order to certify it for interlocutory appeal. Defendants respectfully request the opportunity to be heard at oral argument to aid the Court in its consideration of this Motion.

## PRELIMINARY STATEMENT

Because Plaintiffs' Amended Complaint (the "Complaint") alleges securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, the Court must analyze the sufficiency of the allegations under the heightened fraud pleading standards of Federal Rule of Civil Procedure 9(b) and the heightened pleading standards mandated by Congress in the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 ("PSLRA"). The Order, however, did not analyze the Complaint under these standards, stating only that it satisfied the requirements of Fed. R. Civ. P. 8(a)(2) and the "lenient pleading standards" of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Order at 4. Accordingly, the Court should reconsider its decision pursuant to Rule 9(b) and the PSLRA. *See Pub. Employees' Ret. Ass'n of Colo. v. Deloitte & Touche LLP*, 551 F.3d 305, 311 (4th Cir. 2009). In the alternative, we respectfully request that the Court amend the Order to certify it for interlocutory appeal, in light of contrary rulings that have held *Iqbal* and *Twombly* inapplicable in the context of securities fraud cases. *See, e.g.*, *In re Computer Scis. Corp. Sec. Litig.*, 890 F. Supp. 2d 650, 660 (E.D. Va. 2012) (holding that "securities fraud complaint must do more than state a facially 'plausible' claim under *Iqbal* and *Twombly*" to survive motion to dismiss).

1

## ARGUMENT

### A.  Reconsideration or Modification of the Court's Order on Defendants' Motion to Dismiss Is Necessary to Correct a Clear Error of Law

Defendants respectfully suggest that reconsideration is necessary in this case to "correct[].

. . a clear error of law." *Travelers Com. Ins. Co. v. Jester*, 2023 WL 1466612, at *1–2 (W.D.N.C.

Feb. 2, 2023) (citing *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va.

2016)).  "The power to reconsider or modify interlocutory rulings is committed to the discretion

of the district court."  *Id.* (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d

1462, 1473 (4th Cir. 1991).[1]  "Clear error occurs when [a court is] 'left with the definite and firm

conviction that a mistake has been committed.'"  *Gunter*, 2021 WL 2377130, at *2 (quoting *United

States v. Woods*, 477 F. App'x 28, 29 (4th Cir. 2012)).

In dismissing Defendants' Motion to Dismiss, the Court's Order relied on the wrong

pleading standard, which is a clear error of law.  "To survive a threshold dismissal motion, a

securities fraud complaint must do more than state a facially 'plausible' claim under *Iqbal* and

*Twombly*,"[2] but instead the Court "must [ ] scrutiniz[e]" the complaint "under the heightened

---

[1] While courts draw guidance from Rule 59(e) motions to alter or amend a final judgment, *Gunter v. S. Health Partners, Inc.*, 2021 WL 2377130, at *1 (M.D.N.C. June 10, 2021) (collecting cases), motions for reconsideration of interlocutory orders are not subject to the "strict standards applicable to motions for reconsideration of a final judgment," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003), and "the elements are not applied with the same force," *Gunter*, 2021 WL 2377130, at *2.

[2] The Fourth Circuit and other district courts have made clear that the *Twombly/Iqbal* standard does not apply to securities fraud actions.  *Pub. Employees' Ret. Ass'n of Colo.*, 551 F.3d at 310–11 ("In passing the PSLRA in 1995, Congress imposed heightened pleading requirements for private securities fraud actions."); *see also In re Under Armour Sec. Litig.*, 409 F. Supp. 3d 446, 461 (D. Md. 2019) ("To survive a dismissal motion, a securities fraud complaint must do more than state a facially 'plausible' claim under *Iqbal* and *Twombly* because the sufficiency of the allegations must be scrutinized under the heightened pleading requirements set forth in the [PSLRA], which was intended to stiffen the requirements for securities lawsuits."); *In re Computer Scis. Corp. Sec. Litig.*, 890 F. Supp. 2d at 660 ("To survive a threshold dismissal motion, a securities fraud complaint must do more than state a facially 'plausible' claim under *Iqbal* and *Twombly*."); *Carlucci v. Han*, 907 F. Supp. 2d 709, 721 (E.D. Va. 2012) ("In order to survive a dismissal motion, a securities fraud complaint must do more than state a facially 'plausible' claim under *Iqbal* and *Twombly*" but rather "the sufficiency of the complaint's allegations must be scrutinized under the heightened pleading requirements set forth in the PSLRA."); *Lefkoe v. Jos. A. Bank Clothiers*, 2008 WL 7275126, at *3 n.5 (D. Md. May 13, 2008) ("[T]he Court cannot see how the Supreme Court's pronouncement in *Twombl[]y* with respect to

pleading requirements set forth in the PSLRA" and Fed. R. Civ. P. 9(b). *In re Computer Scis. Corp. Sec. Litig.*, 890 F. Supp. 2d at 660–61; *see also Pub. Employees' Ret. Ass'n of Colo.*, 551 F.3d at 311 (Courts must apply Rule 9(b) and the PSLRA rather than the "relaxed" standard of Rule 8). Indeed, Plaintiffs did not even cite *Twombly, Iqbal*, or Rule 8 in their 40-page brief. Meanwhile, the cases Plaintiffs did cite in their brief were based on claims that they had adequately pleaded facts sufficient to satisfy the PSLRA standard.

*First*, reconsideration is necessary because the Court made a clear error of law by failing to evaluate Plaintiffs' claims, which sound in fraud, under the heightened pleading standard of Rule 9(b). While all complaints in federal court must, at a minimum, "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), Federal Rule of Civil Procedure 9(b) subjects all claims of fraud to heightened pleading standards. *See Xia Bi v. McAuliffe*, 927 F.3d 177, 182 (4th Cir. 2019), *as amended* (July 9, 2019). Rule 9(b) requires that a party "must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), yet the Complaint fails to plead fraud with particularity under Rule 9(b). The fact that the Order only considered the Complaint under Rule 8 therefore constitutes a clear error of law meriting reconsideration.

*Second*, the Order's failure to determine whether the Complaint satisfies the heightened pleading standards mandated by Congress in the PSLRA, *Pub. Employees' Ret. Ass'n of Colo.*, 551 F.3d at 311, also constitutes a clear error of law. "The PSLRA leaves in place the general requirements of Rule 9(b), but requires pleadings to demonstrate, *inter alia*, 'the reason or reasons why [each alleged] statement is misleading' and to provide facts 'giving rise to a strong inference'

the pleading standard under Rule 8(a) is relevant to this case, which was decided under the heightened pleading standards of Rule 9(b) and the PSLRA.").

of scienter." *Xia Bi*, 927 F.3d at 182 (quoting 15 U.S.C. § 78u-4(b)).[3] The "particularized" facts required by the PSLRA include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (internal citations omitted). The Court failed to evaluate whether Plaintiffs alleged falsity and materiality with particularity, in addition to failing to determine if Plaintiffs demonstrated a "strong inference" of scienter with particularity.[4] A complaint that fails to satisfy these standards must be dismissed. 15 U.S.C. § 78u-4(b)(3)(A); *see Yates*, 744 F.3d at 894.

For these reasons, Defendants respectfully request that the Court grant the instant motion, reconsider the Order, and dismiss the Complaint for the reasons explained in Defendants' Motion to Dismiss, under the heightened pleading standards of Rule 9(b) and the PSLRA.

**B.  In the Alternative, the Court's Order on Defendants' Motion to Dismiss Should Be Certified for Interlocutory Appeal**

To the extent that the Court is disinclined to reconsider the Order, the Court should modify the Order to certify it for interlocutory appeal. Interlocutory appeals may be granted where an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Com. of Pa. v. Mid-Atl. Toyota Distributors, Inc.*, 704 F.2d 125, 127 (4th Cir. 1983). The Fourth Circuit has made clear that "the

---

[3] *See also Basic, Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988); *Matrix Cap. Mgmt. Fund v. BearingPoint, Inc.*, 576 F.3d 172, 181–82 (4th Cir. 2009); *Yates v. Municipal Mortg. & Equity, LLC*, 744 F.3d 874, 894 (4th Cir. 2014); *KBC Asset Mgmt. NV v. DXC Tech. Co.*, 19 F.4th 601, 612 (4th Cir. 2021).

[4] *See Longman v. Food Lion, Inc.*, 197 F.3d 675, 682–83 (4th Cir. 1999) (a false and material statement is one that a "reasonable investor" would view as "significantly alter[ing]" the "total mix" of information); *Hillson Partners, Ltd. v. Adage, Inc.*, 42 F.3d 204, 208–09 (4th Cir. 1994) (same); *Yates*, 744 F.3d at 884 (plaintiffs must allege particularized facts showing defendants had "a mental state embracing intent to deceive, manipulate, or defraud"); *Maguire Fin., LP v. PowerSecure Int'l, Inc.*, 876 F.3d 541, 546–47 (4th Cir. 2017) (same); *KBC Asset Mgmt. NV*, 19 F.4th at 607–8 (same).

requirements of § 1292(b) are clearly satisfied" where "we are faced with a pure question of law," the resolution of which would "materially advance the ultimate termination of the litigation." *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011). The Court's decision to rely on the pleading standards of *Iqbal* and *Twombly*, rather than the heightened pleading standards of Rule 9(b) and the PSLRA, constitutes a departure from well-established Fourth Circuit case law, resulting in a split from other districts within this Circuit on a "pure question of law" that could be dispositive of this litigation and that should be resolved by the Fourth Circuit.

## CONCLUSION

For these reasons, the Court should grant Defendants' reconsideration motion and dismiss Plaintiffs' Complaint under the heightened pleading standards of Rule 9(b) and the PSRLA or, in the alternative, modify the Order to certify it for interlocutory appeal.

[*Signature page to follow*]

5

Dated: March 6, 2025                                    Respectfully submitted,
        Charlotte, North Carolina


/s/ S. Frederick Winiker                               /s/ Adam K. Doerr

**WINIKER LAW FIRM, PLLC**                             **ROBINSON, BRADSHAW & HINSON**
S. Frederick Winiker, III,                             Adam K. Doerr, *N.C. Bar No. 37807*
*N.C. Bar No. 22390*                                   101 N. Tryon St., Ste. 1900
352 N Caswell Rd                                       Charlotte, NC 28246
Charlotte, NC 28204                                    Tel.: (704) 377-8114
Tel.: (704) 333-8440


**ROTTENBERG LIPMAN RICH, P.C.**                       **GIBSON, DUNN & CRUTCHER LLP**
Steven Kayman (*pro hac vice*)                         Christopher D. Belelieu (*pro hac vice*)
Jennifer A. Kreder (*pro hac vice*)                    Nathan C. Strauss (*pro hac vice*)
230 Park Ave., 18th Floor                              Bethany Saul (*pro hac vice*)
New York, NY 10169                                     200 Park Ave.
Tel.: (212) 661-3080                                   New York, NY 10166
                                                       Tel.: (212) 351-4000


*Counsel for Defendant Tiffany L. Mason*               *Counsel for Driven Brands Holdings Inc.*
                                                       *and Jonathan G. Fitzpatrick*



### ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024, order in *In re: Use of Artificial Intelligence*, Dkt. No. 3:24-mc-104, the undersigned counsel hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 6th day of March, 2025.

                                                        /s/ Adam K. Doerr
                                                       Adam K. Doerr

6