GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, on behalf of itself
and all others similarly situated,

              Plaintiffs,

        v.

DRIVEN BRANDS HOLDINGS INC.,
JONATHAN G. FITZPATRICK, and
TIFFANY L. MASON,

              Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

# TABLE OF CONTENTS

                                                                                                    **Page**

I.    PRELIMINARY STATEMENT ........................................................................................... 1

II.   RECONSIDERATION SHOULD BE DENIED................................................................ 2

      A.    Defendants Do Not Establish "Clear Error" Warranting Reconsideration............. 2

      B.    In Any Event, Reconsideration Would Not Change The Correct Result
            Reached By The Court............................................................................................... 5

III.  THE REQUEST FOR INTERLOCUTORY APPEAL SHOULD BE DENIED ................... 6

IV.   CONCLUSION............................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*,
2020 WL 13605310 (E.D. Va. Mar. 13, 2020) ........................................................................7

*American Canoe Ass'n v. Murphy Farms, Inc.*,
326 F.3d 505 (4th Cir. 2003) .................................................................................................5

*Butler v. DirectSAT USA, LLC*,
307 F.R.D. 445 (D. Md. 2015) ...............................................................................................6

*Carlucci v. Han*,
907 F.Supp.2d 709 (E.D. Va. 2012) ......................................................................................4

*Gaer v. Am. Public Educ., Inc.*,
895 F.Supp.2d 763 (N.D. W.Va. 2011) .................................................................................2

*Gunter v. S. Health Partners, Inc.*,
2021 WL 2377130 (M.D.N.C. June 10, 2021) .......................................................................6

*Hood v. Capstone Logistics, LLC*,
2024 WL 3282464 (W.D.N.C. July 2, 2024) ..........................................................................8

*Karzo v. Matador Recs., Inc.*,
2022 WL 16949861 (M.D.N.C. Nov. 15, 2022) ......................................................................7

*Katyle v. Penn Nat. Gaming, Inc.*,
637 F.3d 462 (4th Cir. 2011) .................................................................................................2

*Kiken v. Lumber Liquidators Holdings, Inc.*,
155 F. Supp. 3d 593 (E.D. Va. 2015) .....................................................................................4

*Lefkoe v. Jos. A. Bank Clothiers*,
2008 WL 7275126 (D. Md. 2008) ..........................................................................................4

*Lineberger v. CBS Corp.*,
2017 WL 4448241 (W.D.N.C. Oct. 5, 2017) .....................................................................6, 7

*Long v. CPI Sec. Sys., Inc.*,
2013 WL 3761078 (W.D.N.C. July 16, 2013) ........................................................................7

*Lovelace v. Rockingham Mem'l Hosp.*,
299 F. Supp. 2d 617 (W.D. Va. 2004) ....................................................................................8

*McIntyre v. Pedder*,
2015 WL 5039431 (W.D.N.C. Aug. 26, 2015) ...........................................................................3

*Ollila v. Babcock & Wilson Enters., Inc.*,
2018 WL 792069 (W.D.N.C. Feb. 8, 2018) ...........................................................................3, 5

*Potter v. Potter*,
199 F.R.D. 550 (D. Md. 2001).................................................................................................2

*Pub. Emps. Ret. Ass'n of Colo. v. Deloitte Touche LLP*,
551 F.3d 305 (4th Cir. 2009) ...................................................................................................4

*Sec. & Exch. Comm'n v. Perkins*,
2020 WL 34522 (E.D.N.C. Jan. 2, 2020) ................................................................................5

*Singer v. Reali*,
883 F.3d 425 (4th Cir. 2018) ...................................................................................................5

*Travelers Com. Insurance Co. v. Jester*,
2023 WL 1466612 (W.D.N.C. Feb. 2, 2023) ...........................................................................6

*In re Under Armour Sec. Litig.*,
409 F.Supp.3d 446 (D. Md. 2019)............................................................................................4

*Weese v. Savicorp, Inc.*,
2013 WL 6007499 (N.D. W. Va. Nov. 13, 2013).....................................................................5

*Wootten v. Commonwealth of Virginia*,
168 F. Supp. 3d 890 (W.D. Va. 2016) ......................................................................................2

**STATUTES & OTHER AUTHORITIES**

15 U.S.C. § 78j(b)......................................................................................................................2

15 U.S.C. § 78u-4(b)..................................................................................................................2

28 U.S.C. § 1292(b) ................................................................................................................6, 7

Fed. R. Civ. P.:

Rule 8 ........................................................................................................... *passim*

Rule 9(b)........................................................................................................ *passim*

Rule 12(b)(6) .................................................................................................3, 4, 5, 7

Plaintiffs submit this memorandum of law in opposition to Defendants' motion for reconsideration of the Court's order denying their motion to dismiss (the "Motion") (ECF No. 48).

## I. PRELIMINARY STATEMENT[1]

On February 20, 2025, the Court issued its Order denying Defendants' motion to dismiss the Complaint. ECF No. 45. The Order followed the Court's consideration of more than 100 pages of briefing—cited by the Court in the Order—in which the Parties discussed at length the sufficiency of the pleadings under the applicable standards, including the pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). Disappointed at the Court's ruling, Defendants filed the present "Motion for Reconsideration," requesting that the Court either reverse its ruling or certify the Order for immediate interlocutory appeal. Defendants warrant neither extraordinary relief.

*First*, the supposed "clear error" committed by the Court on which Defendants premise their motion—that the Court supposedly did not consider and apply the correct pleading standards—depends on unwarranted assumptions. Nothing in the Order establishes that the Court committed the error accused by Defendants. To the contrary, the Parties' briefing extensively set forth and discussed the pleading standards at issue. The Court expressly referenced that briefing in issuing the Order. And the Court's prior jurisprudence further confirms that the Court well-understands the applicable pleading standards.

*Second*, Defendants' requested reconsideration would not change the conclusion reached in the Order. The Court correctly denied Defendants' motion to dismiss because Defendants' arguments turned on improper factual disputes and imposing evidentiary burdens that are

---

[1] Emphasis is added and internal citations, alterations, and quotation marks are omitted. Capitalized terms not defined herein are defined in the Complaint (Dkt. No. 31). "Mot." refers to Defendants' memorandum of law in support of the Motion (Dkt. No. 49).

inappropriate at this stage, under ***any*** pleading standard. Thus, while styled as "reconsideration," in reality the Motion simply asserts the same issues that the Parties already litigated and the Court decided. The rules do not permit requesting a redo.

***Finally***, Defendants' request for certification of interlocutory appeal is based on the same flawed premises and falls far short of the exacting requirements for this extraordinary relief.

## II.    RECONSIDERATION SHOULD BE DENIED

### A.    Defendants Do Not Establish "Clear Error" Warranting Reconsideration

Motions to reconsider are "improper to . . . ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001).[2] Defendants premise their request for this extraordinary relief on their contention that the Court committed a "clear error of law" in denying their motion because the Court supposedly "only considered the Complaint under Rule 8" and "fail[ed] to determine whether the Complaint satisfied the heightened pleading standards mandated by Congress in the PSLRA." Mot. 2-3.[3] Their assertion does not withstand scrutiny, and Defendants do not identify any valid reason for a redo on their motion to dismiss.

Defendants base their request for reconsideration on speculation that the Court failed to consider the applicable pleading standards in denying their motion to dismiss. But the Order

---

[2] *See also, e.g.*, *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) ("reconsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant" and "is 'inappropriate where it merely reiterates previous arguments'").

[3] To the extent Defendants' Motion asserts that heightened pleading standards apply to *all* elements of Plaintiffs' Section 10(b) claim, Defendants are wrong. *See, e.g.*, *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 n.5 (4th Cir. 2011) (noting that "the Supreme Court has not specifically addressed whether loss causation must be pled with particularity after enactment of the PSLRA" and has "applied Rule 8's 'a short and plain statement' pleading standard to allegations of loss causation"); *Gaer v. Am. Public Educ., Inc.*, 895 F.Supp.2d 763, 791 n.3 (N.D. W.Va. 2011) (noting that "Congress only addressed misrepresentations and scienter in § 78u–4(b)," and, "[a]s such, the other elements of a securities fraud claim are analyzed under the traditional pleading scheme of Rules 8 and 9" and "[t]he heightened pleading standards of the PLSRA do not carry over to causation").

expressly referred to the Parties' briefing (*see* Order at 3), which discussed the Rule 9(b) and PSLRA pleading standards and their application here. Indeed, Defendants affirmatively ***credit*** Plaintiffs' brief as discussing the appropriate pleading standards. *See* Mot. 3 ("[T]he cases Plaintiffs did cite in their brief were based on claims that they had adequately pleaded facts sufficient to satisfy the PSLRA standard."). In addition, the Court has experience analyzing and applying the "standard for pleading . . . when a complaint is brought under the [PSLRA]" on motions to dismiss, further confirming that the Court knew and understood the pleading standards in correctly denying Defendants' motion to dismiss here. *See McIntyre v. Pedder*, 2015 WL 5039431 at *4-5 (W.D.N.C. Aug. 26, 2015) (Cogburn, J.); *see also, e.g.*, *Ollila v. Babcock & Wilson Enters., Inc.*, 2018 WL 792069 (W.D.N.C. Feb. 8, 2018) (Cogburn, J.).

Defendants ignore these facts, and instead speculate that the Court ignored the appropriate pleading standards because the Order "only" expressly referenced the bedrock Supreme Court precedent in *Iqbal* and *Twombly*. Mot. 1. Defendants fail to establish the "clear error" claimed, for at least two reasons.

***First***, that the Court cited *Iqbal* and *Twombly* does not mean that the Court based its ruling ***only*** on consideration of those cases. Mot. 3. As discussed above, both the Parties' briefing and the Court's prior jurisprudence make clear that the Court understood the existence and application of the pleading standards about which Defendants now complain. The Court's choice not to cite more cases does not establish, as a matter of law or logic, that the Court ***only*** relied on *Iqbal* or *Twombly*—much less establish "clear error."

***Second***, that the Court referred to *Iqbal* and *Twombly* in the Order also does not mean, as Defendants speculate, that the Court "relied on the ***wrong*** pleading standard." Mot. 2. *Iqbal* and *Twombly* articulate bedrock principles that apply across analyzing Rule 12(b)(6) motions to

dismiss generally; thus, courts in this circuit routinely cite these foundational precedents in deciding motions to dismiss the same sorts of Exchange Act claims asserted by Plaintiffs here.[4] Indeed, Defendants' motion to dismiss brief relied on decisions that describe *Iqbal* and *Twombly* as the "Standard of Review" for Rule 12(b)(6) motions—i.e. exactly what they now fault the Court for doing. *See, e.g.*, *Carlucci v. Han*, 907 F.Supp.2d 709, 720 (E.D. Va. 2012) (discussing *Iqbal* and *Twombly* as the "Standard of Review" under Rule 12(b)(6)) (cited at Defs.' Mem. of Law in Support of their Mot. to Dismiss, at 20, 22, 24, ECF No. 38).

While Defendants contend that "[t]he Fourth Circuit . . . ha[s] made clear that the *Twombly/Iqbal* standard does not apply to securities fraud actions" (Mot. 2 n.2), the sole Fourth Circuit decision cited does not even mention either case. *Pub. Emps. Ret. Ass'n of Colo. v. Deloitte Touche LLP*, 551 F.3d 305, 310-11 (4th Cir. 2009). Further, that decision expressly affirms that the PSLRA pleading standards require only to "analyze the factual allegations raised by the plaintiffs, as well as other evidence in the record, and determine what plausible inferences [they] can draw from them" (*id.*)—***exactly*** what the Court did here. *See* Order at 1-2 (reciting facts alleged by Complaint). Nor do the other cited cases abandon *Iqbal* and *Twombly*, as Defendants suggest; instead, those decisions ***incorporate*** the Supreme Court's precedent as part of the Rule 12(b)(6) "Standard of Review," or merely observe that Exchange Act pleadings must also "do more"—***not*** different altogether. *See, e.g.*, *In re Under Armour Sec. Litig.*, 409 F.Supp.3d 446 (D. Md. 2019).[5]

---

[4] *See, e.g.*, *Kiken v. Lumber Liquidators Holdings, Inc.,* 155 F. Supp. 3d 593, 600 (E.D. Va. 2015) (discussing *Iqbal* and *Twombly* as the "standard of review" in analyzing Rule 12(b)(6) motion to dismiss Exchange Act claims).

[5] Likewise, *Lefkoe v. Jos. A. Bank Clothiers*, 2008 WL 7275126, at * 3 & n.5 (D. Md. 2008) merely declined to consider *Twombly* "with respect to the pleading standard under Rule 8(a)" where the court already found the scienter allegations sufficient under the PSLRA and Rule 9(b) standards—***not***, as Defendants suggest, that *Twombly* never applies to such analysis.

**B.      In Any Event, Reconsideration Would Not Change The Correct Result Reached By The Court**

Defendants' Motion should also be denied because reconsideration would not change the Court's ultimate ruling. For the reasons explained in Plaintiffs' opposition to Defendants' motion to dismiss, the allegations in the Complaint amply state claims under the applicable pleading standards. *See generally* Pls. Mem. of Law in Opp. to Defs. Mot. to Dismiss, ECF No. 42.

Notably, Defendants' arguments for dismissal did ***not*** turn on the pleading standards, but instead raised factual disputes that are inappropriate for resolution at this stage, in which the Court must accept the well-pleaded facts of the Complaint as true and draw all reasonable inferences in Plaintiff's favor—whether considered under Rule 8, Rule 9(b), or the PSLRA. *See, e.g.*, *id.* at 37-38; *Singer v. Reali,* 883 F.3d 425, 437 (4th Cir. 2018). Likewise, ***none*** of those pleading standards require at this stage the sorts of "smoking gun" evidence that Defendants (wrongly) criticized in their motion to dismiss as lacking from the allegations. *See, e.g.*, Pls. Mem. of Law in Opp. to Defs. Mot. to Dismiss, at 34-35, ECF No. 42; *Ollila,* 2018 WL 792069, at *2-3 (W.D.N.C. Feb. 8, 2018) (allegations adequately pleaded even without "smoking gun documentation"); *see also Sec. & Exch. Comm'n v. Perkins*, 2020 WL 34522 (E.D.N.C. Jan. 2, 2020) ("[w]hether defendant complied with [securities laws] is . . . [a] dispute" that is "factual in nature" and not appropriate under Rule 12(b)(6)); *Weese v. Savicorp, Inc.*, 2013 WL 6007499, at *5 (N.D. W. Va. Nov. 13, 2013) ("[r]esolution of . . . factual disputes . . . [is] inappropriate at this very early stage of the litigation"). Thus, because reconsideration would not change the conclusion already correctly reached by the Court in denying the motion to dismiss, the Motion further fails.

The decisions cited by Defendants as addressing reconsideration affirm this deficiency in Defendants' Motion. For example, in *American Canoe Association v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir. 2003) (cited at Mot. 2 n.1), the Fourth Circuit addressed reconsideration

in light of "previously [un]considered . . . evidence . . . [that] might have tipped the balance" on a "close" standing issue, ruling that those very particular facts "present[ed] the type of exceptional circumstances justifying reconsideration." Likewise, in *Gunter v. S. Health Partners, Inc.,* 2021 WL 2377130, at *1 (M.D.N.C. June 10, 2021), the district court granted limited reconsideration in part related to a "novel legal theory" that was not previously raised and which, "if correct . . . might cause this court to . . . enter complete summary judgment . . . eliminating the need for a trial." Lastly, *Travelers Commercial Insurance Co. v. Jester,* 2023 WL 1466612, at *1–2 (W.D.N.C. Feb. 2, 2023) considered reconsideration specifically related to a subsequent Court of Appeals ruling. Here, the arguments raised by Defendants do not suggest any circumstances remotely analogous to these cases, nor could they. To the contrary, Defendants request reconsideration to "merely reiterat[e] previous arguments"—which the cases cited by Defendants recognize is "inappropriate." *Id*.

## III.     THE REQUEST FOR INTERLOCUTORY APPEAL SHOULD BE DENIED

The Court should also deny Defendants' request for certification of interlocutory appeal under 28 U.S.C. § 1292(b). Interlocutory appeal is an extraordinary departure from the basic policy to avoid piecemeal litigation by postponing appellate review until the entry of the final order, and only warranted in extreme cases. *Lineberger v. CBS Corp.*, 2017 WL 4448241 at *1 (W.D.N.C. Oct. 5, 2017) ("Section 1292(b) 'was not intended to allow interlocutory appeal in ***ordinary suits***'" and instead is "limited to extraordinary cases"). The law permits certification only where ***all*** three statutory criteria are present: (1) the existence of a controlling question of law, (2) about which there is a substantial basis for difference of opinion; and (3) immediate appeal may materially advance the ultimate termination of the litigation. *See Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015) ("Unless *all* of the statutory criteria are satisfied, however, 'the district court may not and should not certify its order [for interlocutory appeal].'"). Even then, the district

court maintains "unfettered discretion" to decline certification absent "exceptional circumstances." *Lineberger*, 2017 WL 4448241 at *1; *see also, e.g.*, *Karzo v. Matador Recs., Inc.*, 2022 WL 16949861 at *2 (M.D.N.C. Nov. 15, 2022) ("'extraordinary remedy' of 'immediate appeal of a certified question' . . . is 'not to be granted lightly'")). Defendants' request for certification fails here for at least two reasons.

***First***, Defendants identify no cognizable "controlling question of law" or "substantial ground for difference of opinion." Defendants rely again on their flawed speculation that the Court made the "decision to rely on the pleading standards of *Iqbal* and *Twombly*, rather than the heightened pleading standards of Rule 9(b) and the PSLRA." Mot. 5. As discussed above, Defendants' speculation does not warrant the extraordinary relief they seek. *Supra* §II.A.

Further, the Court's conclusion in denying dismissal ***accords*** with controlling law that prohibits Defendants' inappropriate factual and evidentiary disputes raised in their Rule 12(b)(6) motion. *Supra* §II.A. The interlocutory appeal sought by Defendants simply seeks to argue to the Fourth Circuit those same inappropriate disputes, asking the Court of Appeals to wade into the factual accuracy of the allegations and to accept Defendants' preferred counter-narratives. But "Section 1292(b) does not permit interlocutory appeal of such mixed questions of law and fact." *See, e.g.*, *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, 2020 WL 13605310 at *1 (E.D. Va. Mar. 13, 2020).

***Second***, Defendants' generalized speculation that interlocutory appeal "could be dispositive of this litigation" is incorrect. Mot. 5. Section 1292(b) permits certification concerning only "a controlling question of law . . . whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, ***whichever way it goes***." *Long v. CPI Sec. Sys., Inc.*, 2013 WL 3761078 at *2 (W.D.N.C. July 16, 2013). The purported "question of law" identified by

Defendants—i.e., whether the Court applied the correct pleading standard—is not dispositive, without broader *de novo* review of the Complaint and Defendants' motion to dismiss. Thus, Defendants' proposed question for the Fourth Circuit does not suffice to warrant interlocutory review. *See, e.g.*, *Hood v. Capstone Logistics, LLC*, 2024 WL 3282464 at *2 (W.D.N.C. July 2, 2024) (denying interlocutory appeal where issue was not dispositive "in part or in full"); *Lovelace v. Rockingham Mem'l Hosp.*, 299 F. Supp. 2d 617, 623 (W.D. Va. 2004) (denying interlocutory appeal because the question was "simply not dispositive of the litigation").

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied. At most, to the extent the Court believes the Order is ambiguous or unclear about its consideration and application of the standards of Rule 9(b) and the PSLRA in denying Defendants' motion to dismiss, the Court could consider amending or clarifying the Order to further confirm its consideration of those standards.

 Dated: March 17, 2025                              Respectfully submitted,

                                                    **BERNSTEIN LITOWITZ BERGER
                                                     & GROSSMANN LLP**

                                                    */s/ John Rizio-Hamilton*
                                                    John Rizio-Hamilton
                                                    Jesse L. Jensen
                                                    Michael M. Mathai
                                                    1251 Avenue of the Americas
                                                    New York, New York 10020
                                                    Telephone: (212) 554-1400
                                                    Facsimile: (212) 554-1444
                                                    JohnR@blbglaw.com
                                                    Jesse.Jensen@blbglaw.com
                                                    Michael.Mathai@blbglaw.com

                                                    -and-

                                                    Chloe Jasper
                                                    2121 Avenue of the Stars
                                                    Suite 2575
                                                    Los Angeles, California 90067

Telephone: (310) 819-3481
Chloe.Jasper@blbglaw.com

*Counsel for Lead Plaintiffs Genesee and Oakland County and Lead Counsel for the Class*

**TERPENING LAW PLLC**
William R. Terpening
221 West 11th Street
Charlotte, North Carolina 28202
Telephone: (980) 265-1700
Facsimile: (980) 265-1729
terpening@terpeninglaw.com

*Liaison Counsel for Lead Plaintiffs Genesee and Oakland County*

**VANOVERBEKE MICHAUD
 & TIMMONY, P.C.**
Thomas C. Michaud
Francis E. Judd
79 Alfred Street
Detroit, Michigan
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
tmichaud@vmtlaw.com
fjudd@vmtlaw.com

*Additional Counsel for Lead Plaintiffs Genesee and Oakland County*

-9-

## <u>ARTIFICIAL INTELLIGENCE CERTIFICATION</u>

Pursuant to the Court's June 18, 2024 order in *In re: Use of Artificial Intelligence,* Dkt. No. 3:24-mc-104, the undersigned counsel hereby certifies that:

1.   No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2.   Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

On the 17th day of March, 2025.

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will automatically send notification of filing to all

parties receiving electronic service including the following:

ROBINSON, BRADSHAW& HINSON, PA
Adam K. Doerr
Emma W. Perry
101 N. Tryon St., Ste. 1900
Charlotte, NC 28246
Tel.: (704) 377-8114
adoerr@robinsonbradshaw.com
eperry@robinsonbradshaw.com
*Local Counsel for Defendants Driven Brands Holdings Inc. and Jonathan G. Fitzpatrick*

GIBSON, DUNN & CRUTCHER LLP
Christopher D. Belelieu
Nathan C. Strauss
Bethany Saul
200 Park Ave.
New York, NY 10166
Tel.: (212) 351-4000
cbelelieu@gibsondunn.com
nstrauss@gibsondunn.com
bsaul@gibsondunn.com
*Counsel for Defendants Driven Brands Holdings Inc. and Jonathan G. Fitzpatrick*

WINIKER LAW FIRM, PLLC
S. Frederick Winiker, III, Esq.
352 N Caswell Rd.
Charlotte, NC 28204
Tel.: (704) 333-8440
swiniker@winikerlaw.com
*Local Counsel for Defendant Tiffany L. Mason*

ROTTENBERG LIPMAN RICH, P.C.
Steven Kayman (*pro hac vice pending)*
Jennifer A. Kreder (*pro hac vice pending)*
230 Park Ave., 18th Floor
New York, NY 10169
Tel.: (212) 661-3080
skayman@rlrpclaw.com
jkreder@rlrpclaw.com

*Counsel for Defendant Tiffany L. Mason*

On the 17th day of March, 2025.

/s/ William R. Terpening
William R. Terpening
