# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

-----------------------------------------------------------

GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, on behalf of itself
and all others similarly situated,

                    Plaintiffs,

            v.

DRIVEN BRANDS HOLDINGS INC.,
JONATHAN G. FITZPATRICK, and
TIFFANY L. MASON

                  Defendants.

-----------------------------------------------------------

**NO. 23-cv-00895-MOC-DCK**

**<u>HEARING REQUESTED</u>**

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## <u>IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION</u>

**ROBINSON, BRADSHAW& HINSON, PA**
Adam K. Doerr, N.C. Bar No. 37807
101 N. Tryon St., Ste. 1900
Charlotte, NC 28246
Tel.: (704) 377-8114
adoerr@robinsonbradshaw.com

*Local Counsel for Defendants Driven Brands
Holdings Inc. and Jonathan G. Fitzpatrick*

**WINIKER LAW FIRM, PLLC**
S. Frederick Winiker, III, N.C. Bar No. 22390
Winiker Law Firm, PLLC
352 N Caswell Rd.
Charlotte, NC 28204
Tel.: (704) 333-8440
swiniker@winikerlaw.com

*Local Counsel for Defendant Tiffany L. Mason*

**GIBSON, DUNN & CRUTCHER LLP**
Christopher D. Belelieu (*pro hac vice*)
Nathan C. Strauss (*pro hac vice*)
Bethany Saul (*pro hac vice*)
200 Park Ave.
New York, NY 10166
Tel.: (212) 351-4000
cbelelieu@gibsondunn.com
nstrauss@gibsondunn.com
bsaul@gibsondunn.com

*Counsel for Defendants Driven Brands
Holdings Inc. and Jonathan G. Fitzpatrick*

**ROTTENBERG LIPMAN RICH, P.C.**
Steven Kayman (*pro hac vice*)
Jennifer A. Kreder (*pro hac vice*)
230 Park Ave., 18th Floor
New York, NY 10169
Tel.: (212) 661-3080
skayman@rlrpclaw.com
jkreder@rlrpclaw.com

*Counsel for Defendant Tiffany L. Mason*

Defendants Driven Brands Holdings Inc., Jonathan G. Fitzpatrick, and Tiffany L. Mason ("Defendants") submit this Reply Memorandum of Law in Further Support of their Motion for Reconsideration of the Court's order, Dkt. 45 ("Order"), denying Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, Dkt. 37 (the "Motion to Dismiss"), or, in the alternative, to amend the Order to certify it for interlocutory appeal.

## PRELIMINARY STATEMENT

Plaintiffs' Opposition underscores the reasons why the Court should reconsider the Order under the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA").

*First*, Plaintiffs concede that Rule 9(b) and the PSLRA constitute the proper standard for review of Plaintiffs' allegations. Having made that concession, Plaintiffs instead speculate about what the Court did and did not consider in its Order. But Plaintiffs need not speculate. It is clear from the face of the Order that the correct standard was not considered or applied. The Order explicitly and exclusively relied on the more lenient plausibility standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Application of the *Twombly* standard to Plaintiffs' securities fraud claims constitutes clear error.

*Second*, reconsideration is appropriate because it would result in the dismissal of some or all of Plaintiffs' claims by subjecting them to the demanding, statement-by-statement examination required by the PSLRA.

*Third*, Plaintiffs' Opposition fails to explain why the Court should not certify this issue for interlocutory appeal. The question of what is the correct pleading standard is a pure question of law, not fact. And immediate appeal of the issue would materially advance the ultimate termination of the litigation by either completely disposing of the underlying securities fraud claims or significantly narrowing the scope of litigation.

1

<u>ARGUMENT</u>

**I.** **Reconsideration of the Court's Order on the Motion to Dismiss Is Necessary Due to Clear Error.**

Plaintiffs concede that Rule 9(b) and the PSLRA lay out the proper standard.[1]  Rather than disputing Defendants' argument directly, Plaintiffs ignore the text of the Court's Order and instead rely on (1) the parties' briefing, and (2) prior decisions of this Court in unrelated cases to conclude that the Court must have "analyz[ed]" the pleadings under the correct standard.  Opp. at 2–4.  Yet Plaintiffs cite no precedent—because there is none—that the reasoning provided in a written order may be ignored in favor of the parties' briefs or the Court's opinions in other cases.

Moreover, the fact that the Court has properly applied the PSLRA to securities fraud claims in the past cuts in Defendants' favor.  *See McIntyre v. Pedder*, 2015 WL 5039431, at \*5 (W.D.N.C. Aug. 26, 2019) (expressly applying statutory requirements for securities fraud actions under 15 U.S.C. § 78u-4(b)(1) & (2)); *Ollila v. Babcock & Wilson Enterprises, Inc.*, 2018 WL 792069, at \*3 (W.D.N.C. Feb. 8, 2018) (same).  For example, the analysis in *McIntyre* made clear that the PSLRA "changes" the standard from *Twombly* and *Iqbal* to a more "demanding" analysis, by creating new requirements that (1) Plaintiffs must plead "specific facts" "[f]or each alleged misstatement or omission," (2) courts may consider only "particularized" facts, and (3)  pleaded facts "must create a 'strong inference' of wrongful intent."  2015 WL 5039431, at \*5, \*7-8 (quoting *In re First Union Corp. Sec. Litig.*, 128 F.Supp.2d 871, 886 (W.D.N.C. 2001)).  *McIntyre* and

---

[1] Plaintiffs argue that "the sole Fourth Circuit decision cited [by Defendants] does not even mention" *Twombly* or *Iqbal*.  Opp. at 4 (citing *Pub. Employees' Ret. Ass'n of Colo.*, 551 F.3d 305, 310–11 (4th Cir. 2009)).  This argument fails for two reasons.  First, the fact that the Fourth Circuit in *Pub. Employees' Ret. Ass'n of Colo.* laid out the pleading standards for securities fraud without mentioning either *Twombly* or *Iqbal* indicates, if anything, that those cases do not set the governing standard.  Second, Defendants *did* cite a Fourth Circuit case mentioning—and distinguishing—*Twombly* and *Iqbal*.  *See* Mot. at 3 (citing *Xia Bi v. McAuliffe*, 927 F.3d 177, 182 (4th Cir. 2019), *as amended* (July 9, 2019)) ("Review of the district court's dismissal involves the special pleading standards applicable to claims of fraud," which go beyond the "minimum" "plausib[ility]" standard of "*Iqbal*" and "*Twombly*," and instead require that "a party state with particularity the circumstances constituting fraud" under Fed. R. Civ. P. 9(b) and "provide facts 'giving rise to a strong inference of scienter'" as required by the PSLRA, 15 U.S.C. § 78u-4(b)).

*Ollila* thus highlight what is missing from the Court's Order in this case.  By failing to apply the PSLRA or Rule 9(b), the Court committed clear error.[2]

## II.  Reconsideration of the Court's Order on Defendants' Motion to Dismiss Would Result in a Different Decision on the Motion.

If the Court were to reconsider the Motion under the correct standard, it would likely result in the dismissal of some or all of Plaintiffs' claims predicated on the alleged misstatements.  *See generally* Defs. Mem. of Law ISO Mot. to Dismiss, Dkt. 38; Defs. Reply Mem. of Law ISO Mot. to Dismiss, Dkt. 43.  The entire purpose of the heightened PSLRA standard is "to stiffen the requirements for securities lawsuits" and "make pleading . . . more difficult for plaintiffs."  *In re Under Armour Sec. Litig.*, 409 F. Supp. 3d 446, 461 (4th Cir. 2019) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 620 (4th Cir. 1999)).  As such, the PSLRA requires the Court to examine "statement-by-statement" whether Plaintiffs have pleaded "particular[ized] facts" that support a "strong inference" of scienter.  *In re Cable & Wireless, PLC*, 321 F. Supp. 2d 749, 766–67, 761–762 (E.D. Va. 2004) (emphasis added).  The PSLRA also demands the exclusion of (1) vague, "puffing" statements, (2) immaterial statements, and (3) statements that are objectively true.  *Id.* at 767–68; *Phillips*, 190 F.3d at 613, 615–17, 620–624; *see also* Dkt. 38 at 12–24.  Under this standard, none of Plaintiffs' alleged misstatements are actionable, let alone *all* the alleged

---

[2] While it is unclear whether the PSLRA raised the pleading requirement for loss causation, it is generally accepted by the Fourth Circuit that Fed. R. Civ. P. 9(b)'s "particularity" requirement applies to loss causation.  Plaintiffs distort the Fourth Circuit's standard for loss causation by selectively quoting their own case.  *See* Opp. at 2 n.3 ("[T]he Supreme Court has not specifically addressed whether loss causation must be pled with particularity after enactment of the PSLRA.") (quoting *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 n.5 (4th Cir. 2011)).  While it is true that the Supreme Court has not weighed in, the Fourth Circuit in *Katyle* explained that "[a] strong case can be made that because loss causation is among the circumstances constituting fraud for which Rule 9(b) demands particularity, loss causation should be pleaded with particularity." *Id.* (quoting *Teachers' Ret. Sys. Of LA v. Hunter*, 477 F.3d 162, 186 (4th Cir. 2007)).  As such, the Fourth Circuit has "conclude[d] that a plaintiff purporting to allege a securities fraud claim must not only prove loss causation…but he must also plead it with sufficient specificity to enable the court to evaluate whether the necessary causal link exists." *Teachers' Ret. Sys. Of LA*, 477 F.3d at 186.  Regardless, loss causation is only one of six necessary elements to plead federal securities fraud under Section 10(b), and the Court's failure to apply the "heightened" pleading standard to any of those elements remains clear error.

misstatements, as Plaintiffs claim that the Court decided in the Order. Because the Court's Order is devoid of the statement-by-statement analysis required by the law, accepting Plaintiffs' argument against reconsideration would transform an inadvertent error into an invited one.

Plaintiffs' argument that "[r]esolution of…factual disputes…[is] inappropriate at this very early stage of the litigation," Opp. at 5, holds no water. Defendants' argument in favor of reconsideration presents a simple question of law—whether the Court failed to apply the correct pleading standard. Indeed, Fourth Circuit law is clear that when "the district court applie[s] the wrong legal standard," the appropriate course of action is to "vacate the district court's judgment and remand for reconsideration consistent" with the correct legal standard. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 197 (4th Cir. 2017).[3] While the application of the correct legal standard may require examination of the pleadings, that is not tantamount to asking for the Court to reconsider based on a factual disagreement. The demand for a detailed analysis of the factual allegations comes from Congress, not Defendants.

Finally, Plaintiffs' attempt to resist reconsideration mischaracterizes Defendants' arguments about the role of *Twombly* and *Iqbal*. Opp. at 4. Defendants did not claim that the Court erred simply by citing *Twombly* and *Iqbal* in its Order. Rather, Defendants' argument was that the Court erred by applying those cases *in place of* the more demanding PSLRA and Rule 9 standards. *See, e.g.*, Defs. Mem. of Law ISO Motion for Reconsideration, Dkt. 49 at 2–3 (arguing that "a securities fraud complaint *must do more than* state a facially 'plausible' claim under *Twombly* and *Iqbal*" (emphasis added)). Plaintiffs' citations to securities lawsuits that cite *Twombly* and *Iqbal* therefore fail to advance their arguments against reconsideration, because none

---

[3] Plaintiffs' attempts to distinguish Defendants' cases are unavailing. Opp. at 5–6. While an "intervening change in controlling law" or the discovery of "new evidence" can both be grounds for reconsideration, the Court may grant the motion purely "to correct a clear error of law." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

4

of those cases involve a court that relied *only* on *Twombly* and *Iqbal*. In fact, every decision that Plaintiffs cite in their Opposition expressly applies the PSLRA and Rule 9 standards, including this Court's own prior decisions.[4] Plaintiff have not identified a single instance where a court failed to apply these mandatory standards at all, as occurred here.

### III.     In the Alternative, the Court Should Grant Defendants' Request to Certify for Interlocutory Appeal.

Should the Court deny the motion for reconsideration, Defendants urge the Court to certify the issue of whether the PSLRA and Rule 9(b) constitute the governing standard to the Court of Appeals. Plaintiffs' arguments against certification are unavailing. Opp. at 6–8.

First, Plaintiffs are incorrect that the Court relied on the PSLRA and Rule 9(b) or that it is "speculation" that the Court did not conduct that analysis. *See supra* Part I. Second, Plaintiffs incorrectly claim that the issue to be certified is "a factual [or] evidentiary" dispute. Opp. at 7. Defendants present a narrow question for certification—whether Rule 9(b) and the PSLRA, rather than Rule 8 and *Twombly*/*Iqbal*, apply on a motion to dismiss a securities fraud claim. This is a "a pure question of law" that the Court of Appeals "can decide quickly and cleanly." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017). The Fourth Circuit would not have to consider any "mixed questions of law and fact," Opp. at 7, because it would only have to determine the correct pleading standard and instruct the Court to apply that standard on remand. Third, Plaintiffs misapprehend the standard by arguing that the Court's decision must be "completely dispositive" of the litigation. Opp. at 7. All that is required is that the appeal "materially advance" the litigation, *Sigmon v. Poe*, 564 F.2d 1093, 1095 (4th Cir. 1977), by "(1)

---

[4] For example, Plaintiffs argue that *Kiken v. Lumber Liquidators* cites *Twombly* and *Iqbal* as the "standard of review." Opp. at 4 n.4. What they fail to say is that the Court's decision immediately proceeds to explain, in detail, that "Rule 9(b) imposes a heightened pleading standard" and that, "[f]or claims of securities fraud, a plaintiff must also satisfy the pleading requirements imposed by the [PSLRA]." *Kiken v. Lumber Liquidators Holdings, Inc.*, 155 F. Supp. 3d 593, 600–01 (E.D. Va. 2015).

eliminat[ing] the need for trial, (2) eliminat[ing] complex issues so as to simplify the trial, or (3) eliminat[ing] issues to make discovery easier and less costly." *Goodman v. Archbishop Curley High School, Inc.*, 195 F. Supp. 3d 767, 773 (D. Md. 2016) (citation and quotation marks omitted). Here, appeal will likely result in dismissal or the elimination of all or at least some alleged misstatements, thus narrowing the scope of discovery and trial.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion for reconsideration and dismiss Plaintiffs' Amended Complaint under the heightened pleading standards of Rule 9(b) and the PSRLA or, in the alternative, modify the Order to certify it for interlocutory appeal.

Dated: March 24, 2025  Respectfully submitted,
Charlotte, North Carolina

/s/ S. Frederick Winiker, III        /s/ Adam K. Doerr

**WINIKER LAW FIRM, PLLC**      **ROBINSON, BRADSHAW & HINSON**
S. Frederick Winiker, III,        Adam K. Doerr, *N.C. Bar No. 37807*
*N.C. Bar No. 22390*        101 N. Tryon St., Ste. 1900
352 N Caswell Rd        Charlotte, NC 28246
Charlotte, NC 28204        Tel.: (704) 377-8114
Tel.: (704) 333-8440

**ROTTENBERG LIPMAN RICH, P.C.**    **GIBSON, DUNN & CRUTCHER LLP**
Steven Kayman (*pro hac vice*)       Christopher D. Belelieu (*pro hac vice*)
Jennifer A. Kreder (*pro hac vice*)     Nathan C. Strauss (*pro hac vice*)
230 Park Ave., 18th Floor       Bethany Saul (*pro hac vice*)
New York, NY 10169        200 Park Ave.
Tel.: (212) 661-3080        New York, NY 10166
       Tel.: (212) 351-4000

*Counsel for Defendant Tiffany L. Mason*    *Counsel for Driven Brands Holdings Inc. and Jonathan G. Fitzpatrick*

6

# ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024, order in *In re: Use of Artificial Intelligence*, Dkt. No. 3:24-mc-104, the undersigned counsel hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 24th day of March, 2025.

/s/ Adam K. Doerr
Adam K. Doerr

1