**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

---------------------------------------------------------

GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, on behalf of itself
and all others similarly situated,

          Plaintiffs,

        v.

DRIVEN BRANDS HOLDINGS INC.,
JONATHAN G. FITZPATRICK, and
TIFFANY L. MASON,

          Defendants.

---------------------------------------------------------

X
:
:
:
:
:
:
:
:
:
:
:
:
X

**NO. 3:23-cv-00895-MOC-DCK**

<u>**CLASS ACTION**</u>

<u>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**</u>

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants Driven Brands Holdings Inc. ("Driven" or the "Company"), Jonathan Fitzpatrick, and Tiffany Mason (together, "Defendants"), by and through their undersigned attorneys, upon knowledge as to their own actions and upon information and belief as to all other matters, hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") (ECF No. 31) of Plaintiffs Genesee County Employees' Retirement System, Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association (collectively, "Plaintiffs") and state as follows:

<u>**GENERAL DENIAL AND RESERVATION OF RIGHTS**</u>

Except as herein specifically and expressed admitted, each and every allegation in the Amended Complaint is expressly denied. Any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Amended Complaint as a whole. Defendants deny any

allegations contained in headings, footnotes, or unnumbered paragraphs in the Amended Complaint. Defendant further deny that Plaintiffs are entitled to any of their requested relief or any other relief whatsoever. Defendants reserve the right to amend or supplement this Answer, including their affirmative defenses. In submitting this Answer, Defendants expressly preserve and do not waive any applicable rights, defenses, or objections. Unless expressly stated herein, nothing in this Answer should be construed as an admission regarding the existence of any facts set forth in the Amended Complaint. Defendants make no representations, concessions, or admissions regarding the relevance or admissibility of any facts set forth in the Amended Complaint. Defendants further reserve all rights to amend and supplement their Answer as information becomes available and as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint. Incorporating the foregoing General Denial and Reservation of Rights, Defendants state as follows in response to the specific allegations set forth in the Amended Complaint:

## I.  PRELIMINARY STATEMENT

1.      The allegations in Paragraph 1 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit that during all relevant times, the Company was the largest automotive services company in North America. Defendants otherwise deny the allegations in Paragraph 1.

2.      To the extent the allegations in Paragraph 2 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcripts of investor conferences, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 2.

2

3.　　　To the extent the allegations in Paragraph 3 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcripts of investor conferences, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 3.

4.　　　Defendants admit that the employment of former Chief Financial Officer, Tiffany Mason, ended on May 4, 2023 and Gary Ferrara was hired as the Company's Chief Financial Officer.  Defendants further admit that on August 2, 2023, the Company issued revised guidance for fiscal year 2023.  Further, to the extent the allegations in Paragraph 4 purport to describe the contents of, or otherwise characterize, the Company's Forms 8-K and other SEC filings, or the materials incorporated therein, or the transcript of an investor conference, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 4.

5.　　　Defendants deny the allegations in Paragraph 5.

6.　　　Defendants deny the allegations in Paragraph 6.

7.　　　Defendants admit that the Company acquired Auto Glass Now.  Defendants otherwise deny the allegations in Paragraph 7.

8.　　　Defendants deny the allegations in Paragraph 8.

9.　　　Defendants deny the allegations in Paragraph 9.

10.　　　To the extent that the allegations in Paragraph 10 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcript of an investor conference, Defendants refer the Court those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 10.

11.     To the extent the allegations in Paragraph 11 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that the employment of former Chief Financial Officer, Tiffany Mason, ended on May 4, 2023, and that she sold options before they expired, and further admit that on May 18, 2023, the Company announced that it rescheduled its May 2023 Investor Day to September 2023 due to the Company's CFO transition.  Defendants otherwise deny the allegations in Paragraph 14.

15.     Defendants admit that on August 2, 2023, the Company held its Q2 2023 Earnings Call. To the extent the allegations purport to describe the contents of, or otherwise characterize, the transcript of the Company's Q2 2023 Earnings Call, other SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for the complete and accurate contents.  Defendants otherwise deny the remaining allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

## II.     **JURISDICTION AND VENUE**

19.     The allegations in Paragraph 19 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admit the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District and otherwise deny the allegations in Paragraph 20.

## III.    PARTIES

### A.     Plaintiffs

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the first sentence of Paragraph 21.  Defendants deny the allegations in the second sentence of Paragraph 21.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the first sentence of Paragraph 22.  Defendants deny the allegations in the second sentence of Paragraph 22.

### B.     Defendants

23.     Defendants admit the allegations in Paragraph 24.

24.     Defendants admit the allegations in Paragraph 24.  On February 24, 2025, Fitzpatrick notified the Board of his intent to step down as President and CEO effective on May 9, 2025.

25.     Defendants admit that Tiffany Mason ("Mason") served as Executive Vice President and Chief Financial Office ("CFO") from March 2020 through May 2023 and further admit that Mason served as CFO at the time of the Company's Initial Public Offering ("IPO") in January 2021.  Defendants otherwise deny the allegations in Paragraph 25 unless expressly admitted.

26.     The allegations in Paragraph 26 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26.

## IV.     SUMMARY OF THE FRAUD

### A.     Investors Were Intensely Focused On Driven's Ability To Successfully Execute On Its Acquisition And Growth-Focused Business Model

27.     Defendants admit that, at the time the Amended Complaint was filed, Driven was the largest automotive services company in North America with approximately 5,000 locations across 49 U.S. states and 13 other countries. To the extent the allegations in Paragraph 27 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 27 unless expressly admitted.

28.     Defendants admit that part of Driven's growth strategy involved executing strategic acquisitions and integrating them into existing platforms, and further admit that the Company executed tuck-in acquisitions of independent market participants.  To the extent the allegations in Paragraph 28 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 28 unless expressly admitted.

29.     To the extent the allegations in Paragraph 29 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 29.

30.     Defendants admit that M&A is a core competency of the Driven Brands platform. To the extent the allegations in Paragraph 30 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the Company's

IPO Prospectus, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 30 unless expressly admitted.

31. To the extent the allegations in Paragraph 31 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 31.

32. To the extent the allegations in Paragraph 32 purport to describe the contents of, or otherwise characterize, the Company's SEC filings or the materials incorporated therein, or the transcript of an investor conference, Defendants refer the Court to those documents and ECF 39-12 for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 32.

33. To the extent the allegations in Paragraph 33 purport to describe the contents of, or otherwise characterize, the Company's SEC filings or the materials incorporated therein, or the transcript of an investor conference, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 33.

34. To the extent the allegations purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 34.

35. To the extent the allegations in Paragraph 35 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 35.

**B.** **Driven's Auto Glass And Car Wash Businesses Were Critical Elements Of The Company's Promise To Deliver Dramatic Growth During The Class Period**

36. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the final two sentences of Paragraph 36. To the extent that the allegations in Paragraph 36 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants admit that the Company acquired Auto Glass Now (AGN) in January 2022. To the extent that the allegations purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 37 unless expressly admitted.

38. Defendants admit the Company held a Q1 2022 Earnings Call on April 27, 2022, and further admit that Fitzpatrick attended the Earnings Call. To the extent that the allegations purport to describe the contents of, or otherwise characterize, the transcripts of the Company's Q4 2021 Earnings Call or the Q1 2022 Earnings Call, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 38 unless expressly admitted.

39. To the extent the allegations in Paragraph 39 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the first sentence of Paragraph 40. Defendants deny the allegations in the second sentence of Paragraph 40.

41. To the extent the allegations in Paragraph 41 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 41.

42. Defendants admit that Driven offered a subscription-based car wash program to its customers. To the extent the allegations in Paragraph 42 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 42 unless expressly admitted.

43. To the extent the allegations in Paragraph 43 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 43.

**C.** **Throughout The Class Period, Defendants Assured Investors That Driven Was Executing On Its Plans To Drive Rapid Growth, Successfully Integrating Its Auto Glass Network, And Delivering On Operational Performance In Its Car Wash Business**

44. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of allegations in the last sentence of Paragraph 44. To the extent the allegations in Paragraph 44 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcript of an investor conference,

Defendants refer the Court to those documents and ECF 39-11 for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 44.

45.     Defendants admit that the Company held quarterly earnings calls during the Class Period including a Q1 2022 Earnings Call on April 27, 2022, Q2 2022 Earnings Call on July 27, 2022, and Q1 2023 Earnings Call on May 3, 2023. Defendants further admit that Fitzpatrick attended these Earnings Calls. To the extent that the allegations in Paragraph 45 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcripts of earnings calls and investor conferences, Defendants refer the Court to those documents and ECF 39-12 for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 45 unless expressly admitted.

46.     To the extent the allegations in Paragraph 46 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 46.

47.     Defendants admit that the Company held quarterly earnings calls during the Class Period including a Q3 2021 Earnings Call on October 27, 2021, Q2 2022 Earnings Call on July 27, 2022, and Q1 2023 Earnings Call on May 3, 2023. Defendants further admit that Fitzpatrick attended these Earnings Calls, in addition to attending the Goldman Sachs Global Retailing Conference on September 7, 2022. To the extent the allegations in Paragraph 47 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcripts of earnings calls and investor conferences, Defendants refer

the Court to those documents and ECF 39-11 for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 47 unless expressly admitted.

48. Defendants admit that the Company held quarterly earnings calls during the Class Period including a Q3 2022 Earnings Call on October 26, 2022, Q4 2022 Earnings Call on February 22, 2023, and Q1 2023 Earnings Call on May 3, 2023. Defendants further admit that Fitzpatrick attended the Q3 2022 Earnings Call and the Q4 2022 Earnings Call, and that Mason attended the Q1 2023 Earnings Call. To the extent the allegations purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcripts of earnings calls, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 48 unless expressly admitted.

49. To the extent the allegations in Paragraph 49 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 49.

**D.    In Truth, Serious Flaws In Driven's Glass Platform Stalled Integration, While The Company's Car Wash Business Was Hemorrhaging Customers Because Of Driven's Failure To Invest In Service And Maintenance**

50. Defendants deny the allegations in Paragraph 50.

51. To the extent the allegations in Paragraph 51 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcripts of investor conferences, Defendants refer the Court to those documents and ECF 39-11 for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants admit that Michael Macaluso was the head of Driven's Paint, Collision & Glass segment and one of Driven's named executive officers during the Class Period. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 54.

55.     Defendants admit Mars Shah was the President of Driven Glass North America from August 2021 to April 2023. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 55.

56.     To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the remaining allegations in Paragraph 56.

57.     To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 57.

58.     Defendants admit All Star Glass was acquired by Driven in April 2022. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the

alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 58 unless expressly admitted.

59.     To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses. Defendants otherwise deny the allegations in Paragraph 59.

60.     To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 60.

61.     To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 61.

62.     To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 62.

63.     To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 63.

64.     Defendants admit that on November 1, 2023, the Company held its Q3 2023 Earnings Call.   To the extent the allegations in Paragraph 64 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.   To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.   Defendants otherwise deny the allegations in Paragraph 64 unless expressly admitted.

65.     Defendants deny the allegations in Paragraph 65.

66.     To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses.   Defendants otherwise deny the allegations in Paragraph 66.

67.     To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses.   Defendants otherwise deny the allegations in Paragraph 67.

68.     To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.   Defendants otherwise deny the allegations in Paragraph 68.

69.     To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information

sufficient to identify the alleged confidential witnesses. Defendants otherwise deny the allegations in Paragraph 69.

70. To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses. Defendants otherwise deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses. Defendants otherwise deny the allegations in Paragraph 72.

### E. The Truth Emerges

73. Defendants admit that the employment of former Chief Financial Officer, Tiffany Mason, ended on May 4, 2023, and that she sold options before they expired. Defendants further admit that Gary Ferrara was hired as the Company's Chief Financial Officer. Defendants further admit that on October 26, 2022, the Company held its Q3 2022 Earnings Call, and that on August 2, 2023, the Company issued revised guidance for fiscal year 2023. To the extent the allegations purport to describe the contents of, or otherwise characterize, the Form 144 filed on behalf of Defendant Mason on July 26, 2023, or the Company's SEC filings or materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 73 unless expressly admitted.

74. Defendants admit that on October 26, 2022, the Company held its Q3 2022 Earnings Call. To the extent the allegations in Paragraph 74 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein,

Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 74 unless expressly admitted.

75. Defendants admit that Driven's stock price closed at $32.27 on October 25, 2022, and further admit that Driven's stock price closed at $29.96 on October 26, 2022. Defendants otherwise deny the allegations in Paragraph 75 unless expressly admitted.

76. To the extent the allegations in Paragraph 76 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 76.

77. To the extent the allegations in Paragraph 77 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 77.

78. To the extent the allegations in Paragraph 78 purport to describe the contents of or otherwise characterize the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 79.

80.     Defendants admit that on February 22, 2023, the Company held its Q4 2022 and Fiscal 2022 Earnings Call, and further admit that on May 3, 2023, the Company held its Q1 2023 Earnings Call.  Defendants further admit that Fitzpatrick and Mason attended these Earnings Calls.  To the extent the allegations in Paragraph 80 purport to describe the contents of or otherwise characterize the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 80.

81.     To the extent the allegations in Paragraph 81 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in the first sentence of Paragraph 81 and lack knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 81.

82.     Defendants admit that on May 8, 2023, the Company announced that Gary Ferrera would succeed Tiffany Mason as Executive Vice President and Chief Financial Officer of Driven Brands.  Defendants further admit that on May 18, 2023, the Company announced that it rescheduled its May 23, 2023 Investor Day to September 2023.  To the extent the allegations in Paragraph 82 purport to describe the contents of, or otherwise characterize, the Company's press releases, SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 82 unless expressly admitted.

83.      Defendants admit that on July 26, 2023, Mason exercised her options to sell a portion of her Driven stock.  Defendants otherwise deny the allegations in Paragraph 83.

84. Defendants admit that the Company held its Q2 2023 Earnings Call on August 2, 2023. To the extent the allegations in Paragraph 84 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 84.

85. To the extent the allegations in Paragraph 85 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 85.

86. Defendants admit that on August 2, 2023, the Company issued revised guidance for fiscal year 2023. To the extent the allegations in Paragraph 86 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 86.

87. To the extent the allegations in Paragraph 87 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 87.

88. Defendants admit that on August 1, 2023, the closing price for Driven stock (DRVN) was $25.83. Defendants also admit that on August 2, 2023, the closing price for Driven stock (DRVN) was $15.20. Defendants otherwise deny the allegations in Paragraph 88.

89. To the extent the allegations in Paragraph 89 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court

to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 89.

90. To the extent the allegations in Paragraph 90 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 90.

## V. POST CLASS-PERIOD EVENTS

91. Defendants deny the allegations in Paragraph 91.

92. Defendants admit that on September 20, 2023, the Company held an Analyst & Investor Day event, and further admit that Fitzpatrick attended this event. To the extent the allegations in Paragraph 92 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or a record of the Company's September 20, 2023 Analyst & Investor Day presentation, Defendants refer the Court to those materials for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants admit that on November 1, 2023, the Company held its Q3 2023 Earnings Call. To the extent the allegations in Paragraph 94 purport to describe the contents of or otherwise characterize the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 94 unless expressly admitted.

95.     Defendants admit that on September 20, 2023, the Company held an Analyst & Investor Day event, and that on November 1, 2023, the Company held its Q3 2023 Earnings Call. Defendants further admit that Fitzpatrick attended the September 20, 2023 event and November 1, 2023 Earnings Call. To the extent the allegations in Paragraph 95 purport to describe the contents of or otherwise characterize the Company's SEC filings, or the materials incorporated therein, or investor presentations, Defendants refer the Court to those materials for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 95 unless expressly admitted.

96.     To the extent the allegations in Paragraph 96 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

## VI.     ADDITIONAL ALLEGATIONS OF SCIENTER

98.     Defendants deny the allegations in Paragraph 98.

99.     To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses. Defendants otherwise deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information

sufficient to identify the alleged confidential witnesses. Defendants otherwise deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants admit that on May 18, 2023, the Company announced that it rescheduled its May 2023 Investor Day to September 2023 due to the Company's CFO transition. Defendants further admit that the employment of former Chief Financial Officer, Tiffany Mason, ended on May 4, 2023. To the extent the allegations in Paragraph 103 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 103 unless expressly admitted.

104. Defendants admit that the employment of former Chief Financial Officer, Tiffany Mason, ended on May 4, 2023. Defendants further admit that on July 26, 2023, Mason exercised her options to sell a portion of her Driven stock before they expired. To the extent the allegations in Paragraph 104 purport to describe the contents of, or otherwise characterize, Mason's SEC Form 144, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 104 unless expressly admitted.

105. Defendants deny the allegations in Paragraph 105.

106. To the extent the allegations in Paragraph 106 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 106.

107. To the extent the allegations in Paragraph 107 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcript of an investor conferences, Defendants refer the Court to those documents and ECF 39-12 for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 107.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the first sentence of Paragraph 108. To the extent the allegations in Paragraph 108 purport to describe the contents of, or otherwise characterize, the Company's earnings calls, Defendants refer the Court to transcripts of those calls for their complete and accurate contents. Defendants otherwise deny the allegations in the second sentence of Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. To the extent the allegations in Paragraph 112 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 112.

## VII.  FALSE AND MISLEADING STATEMENTS

113. Defendants deny the allegations in Paragraph 113.

### A.  Materially False And Misleading Statements About Driven's Car Wash Business

114. Defendants deny the allegations in Paragraph 114.

115. Defendants admit that the Company held a Q3 2021 Earnings Call on October 27, 2021. Defendants further admit that Fitzpatrick attended the Q1 2021 Earnings Call on October 27, 2021. To the extent the allegations in Paragraph 115 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 115 unless expressly admitted.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants admit the Company issued a press release on November 1, 2021 regarding the acquisition of its 300th car wash. To the extent that the allegations in Paragraph 117 purport to describe the contents of, or otherwise characterize, the Company's November 1, 2021 press release, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 117 unless expressly admitted.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants admit that on February 16, 2022, the Company held a call with investors and analysts to report the Company's earnings for the year 2021. Defendants further admit that on February 16, 2022, Fitzpatrick attended the earnings call. Further, to the extent the allegations in Paragraph 119 purport to describe the contents of, or otherwise characterize, the transcript of the Company's Year-End 2021 Earnings Call, or the materials incorporated therein, Defendants refer the Court to those documents for the complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 119 unless expressly admitted.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants admit the Company issued a press release announcing it had opened its 350th express car wash on May 25, 2022. To the extent the allegations in Paragraph 121 purport

23

to describe the contents of, or otherwise characterize, the Company's May 25, 2022 press release, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants admit that the Company held an earnings call on July 27, 2022. Defendants further admit that Fitzpatrick attended the earnings call. To the extent the allegations in Paragraph 123 purport to describe the contents of, or otherwise characterize, the transcript of the Company's Q2 2022 Earnings Call, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants admit that on September 7, 2022, Fitzpatrick attended the Goldman Sachs Global Retailing Conference. To the extent the allegations in Paragraph 125 purport to describe the contents of, or otherwise characterize, the transcript of the Goldman Sachs Global Retailing Conference, or the materials incorporated therein, Defendants refer the Court to ECF 39-11 for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 125 unless expressly admitted.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants admit that the Company held an earnings call on October 26, 2022 to report the Company's earnings for the third quarter of 2022. Defendants further admit that Fitzpatrick and Mason attended the earnings call. To the extent the allegations in Paragraph 127 purport to describe the contents of, or otherwise characterize, the transcript of the Company's Q3 2022 Earnings Call, or the materials incorporated therein, Defendants refer the Court to those

documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 127 unless expressly admitted.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants admit that on December 6, 2022, Fitzpatrick attended the Morgan Stanley Global Consumer Conference ("Morgan Stanley Conference"). To the extent the allegations in Paragraph 129 purport to describe the contents of, or otherwise characterize, the transcript of the Morgan Stanley Conference, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 129 unless expressly admitted.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants admit that the Company held a Q4 2022 Earnings Call on February 22, 2023. Defendants further admit that Fitzpatrick attended the Q4 2022 Earnings Call. To the extent the allegations in Paragraph 131 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 131 unless expressly admitted.

132.    Defendants admit that the Company held a Q4 2022 Earnings Call on February 22, 2023. Defendants further admit that Mason attended the Q4 2022 Earnings Call. To the extent that the allegations in Paragraph 132 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 132 unless expressly admitted.

133.    Defendants deny the allegations in Paragraph 133.

134.     Defendants admit the Company issued a press release on March 29, 2023 regarding Take 5 Car Wash opening its 400th site in Texas.  To the extent that the allegations in Paragraph 134 purport to describe the contents of, or otherwise characterize, the March 29, 2023 press release, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 134 unless expressly admitted.

135.     Defendants deny the allegations in Paragraph 135.

136.     Defendants admit that the Company held a Q1 2023 Earnings Call on May 3, 2023, and further admit that Fitzpatrick and Mason attended the Q1 2023 Earnings Call.  To the extent the allegations in Paragraph 136 purport to describe the contents of, or otherwise characterize, the Company's Q1 2023 Earnings Call, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 136 unless expressly admitted.

137.     Defendants deny the allegations in Paragraph 137.

**B.     Materially False And Misleading Statements About Driven's Auto Glass Acquisition Campaign**

138.     Defendants deny the allegations in Paragraph 138.

139.     Defendants admit that the Company held a Q1 2022 Earnings Call on April 27, 2022, and further admit that Fitzpatrick and Mason attended the Q1 2022 Earnings Call.  To the extent the allegations in Paragraph 139 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 139 unless expressly admitted.

140.     Defendants deny the allegations in Paragraph 140.

141.    Defendants admit that the Company held a Q2 2022 Earnings Call on July 27, 2022, and further admit that Fitzpatrick and Mason attended the Q2 2022 Earnings Call.  To the extent the allegations in Paragraph 141 purport to describe the contents of, or otherwise characterize, the Company's Q2 2022 Earnings Call, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 141 unless expressly admitted.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants admit that the Company held a Q3 2022 Earnings Call on October 26, 2022.  Defendants further admit Fitzpatrick attended the Q3 2022 Earnings Call.  To the extent the allegations in Paragraph 143 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 143 unless expressly admitted.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants admit that the Company held a Q4 2022 Earnings Call on February 22, 2022.  Defendants further admit Fitzpatrick attended the Q4 2022 Earnings Call.  To the extent the allegations in Paragraph 145 purport to describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 145 unless expressly admitted.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants admit that Fitzpatrick attended the Bank of America Securities Consumer & Retail Conference on March 14, 2023.  To the extent the allegations in Paragraph

147 purport to describe the contents of, or otherwise characterize, the transcript of the Bank of America Securities Consumer & Retail Conference, Defendants refer the Court to ECF 39-12 for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 147 unless expressly admitted.

148.     Defendants deny the allegations in Paragraph 148.

149.     Defendants admit that the Company held a Q1 2023 Earnings Call on May 3, 2023. Defendants further admit Fitzpatrick and Mason attended the Q1 2023 Earnings Call. To the extent the allegations in Paragraph 149 purport to describe the contents of, or otherwise characterize, the Company's Q1 2023 Earnings Call, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 149 unless expressly admitted.

150.     Defendants deny the allegations in Paragraph 150.

## VIII.   LOSS CAUSATION

151.     The allegations in Paragraph 151 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152.     Defendants admit that on October 26, 2022, the Company held its Q3 2022 Earnings Call. Defendants further admit that the Company's stock price closed at $32.27 on October 25, 2022 and the Company's stock price closed at $29.96 on October 26, 2022. To the extent the allegations in Paragraph 152 purport to describe the contents of, or otherwise characterize, the transcript of the Company's Q3 2022 Earnings Call, or the materials incorporated therein, Defendants respectfully refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 152 unless expressly admitted.

153.     Defendants deny the allegations in Paragraph 153.

154.    Defendants admit that on August 2, 2023, the Company issued revised guidance for fiscal year 2023.  Defendants further admit that the Company's stock price closed at $25.83 on August 1, 2023 and the Company's stock price closed at $15.20 on August 2, 2023.  To the extent the allegations in Paragraph 154 purport to describe the contents of, or otherwise characterize, the transcripts of the Company's Q2 2023 Earnings Call or Q3 2023 Earnings Call, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the last sentence of Paragraph 154.  Defendants otherwise deny the allegations in the remaining sentences in Paragraph 154 unless expressly admitted.

155.    Defendants deny the allegations in Paragraph 155.

## IX.    PRESUMPTION OF RELIANCE

156.    The allegations in Paragraph 156 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    The allegations in Paragraph 158 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158.

## X.    INAPPLICABILITY OF STATUTORY SAFE HARBOR

159.    The allegations in Paragraph 159 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

## XI.    CLASS ACTION ALLEGATIONS

161.    The allegations in Paragraph 161 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.    The allegations in Paragraph 163 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.    The allegations in Paragraph 164 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.    The allegations in Paragraph 166 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 166.

## XII.    CLAIMS FOR RELIEF

### COUNT I

**For Violations of Section 10(b) of the Exchange Act and Rule 10b-5**
**Against All Defendants**

167.    Defendants incorporate by reference and reallege their answers to Paragraphs 1–166 of the Amended Complaint in their entirety.

168.    The allegations in Paragraph 168 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174. The allegations in Paragraph 174 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 174.

175. The allegations in Paragraph 175 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 175.

**COUNT II**

**For Violations of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

176. Defendants incorporate by reference and reallege their answers to Paragraphs 1–175 of the Amended Complaint in their entirety.

177. The allegations in Paragraph 177 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 177.

**RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND:**

The "WHEREFORE" Paragraph on pages 65–66 of the Amended Complaint states the relief sought by Plaintiffs. Defendants deny the allegations in the "WHEREFORE" clauses (A) through (D) of the Amended Complaint, and deny that Plaintiffs are entitled to any relief whatsoever in this action. Furthermore, Defendants object to a trial by jury on Plaintiffs' claims and all other issues to which Plaintiffs are not entitled to a jury trial as a matter of law.

**AFFIRMATIVE DEFENSES**

Without admitting any wrongful conduct on the part of any Defendant, and without admitting that Plaintiffs suffered any loss, damage, or injury, or are entitled to any relief sought in the Amended Complaint, Defendants state the following affirmative and/or other defenses. By

designating the following as affirmative defenses, Defendants do not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein. To the extent that a defense asserted herein as an "Affirmative Defense" is an ordinary defense, Defendants do not intend to, and do not, assume any burden of proof, production, or persuasion that would not apply if such defense were not asserted herein. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations. These defenses are pleaded in the alternative, and are raised to preserve Defendants' rights to assert such defenses, and are without prejudice to its ability to raise other and further defenses.

## FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack standing to maintain the claims alleged in the Amended Complaint.

## THIRD DEFENSE

Defendants did not make any misrepresentations or omissions actionable under the securities laws.

## FOURTH DEFENSE

Defendants acted in good faith at all times, and any alleged misrepresentation or omission by Defendants was based on good faith and in reasonable reliance upon information provided by others upon whom Defendants were entitled to rely.

## FIFTH DEFENSE

The alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the circumstances and the totality of available information.

## SIXTH DEFENSE

Any alleged misrepresentations by Defendants were forward-looking, prospective statements accompanied by meaningful cautionary language, contingency warnings, and/or risk disclosures and are not actionable under the bespeaks caution doctrine or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

## SEVENTH DEFENSE

Any allegedly undisclosed material facts were publicly known.

## EIGHTH DEFENSE

Any alleged misstatements or omissions did not impact the market price of the relevant securities.

## NINTH DEFENSE

Any increase or decrease in the market value of the stock held by Plaintiffs and/or any putative class members was the result of market factors or other economic factors separate from the alleged wrongful conduct of Defendants.

## TENTH DEFENSE

None of the alleged conduct or inaction of Defendants caused the losses for which Plaintiffs seek to recover damages.

## ELEVENTH DEFENSE

The damages suffered by Plaintiffs and/or by putative class members, if any, were caused by independent, intervening, and/or superseding events beyond Defendants' control and unrelated to Defendants' conduct, and/or by the policies, practices, acts, or omissions of independent persons or entities other than Defendants over which Defendants have no control.

## TWELFTH DEFENSE

This action cannot be maintained as a class action because Plaintiffs cannot satisfy the requirements to proceed under Rule 23 of the Federal Rules of Civil Procedure.

### THIRTEENTH DEFENSE

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

### FOURTEENTH DEFENSE

Plaintiffs failed to mitigate, reduce, or otherwise avoid any alleged damages.

### FIFTEENTH DEFENSE

Plaintiffs knowingly and/or recklessly assumed risks when purchasing the securities described in the Amended Complaint.

### SIXTEENTH DEFENSE

Plaintiffs' claim for damages is speculative.

### SEVENTEENTH DEFENSE

Plaintiffs' claims fail to the extent they seek damages exceeding those permitted under the law or any applicable statute, rule, or regulation.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against each Defendant fail to the extent that they seek damages exceeding each Defendant's proportionate liability.

### NINETEENTH DEFENSE

Defendants are entitled to recover contribution from third parties for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct attributable to such third parties.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because the substance of the allegedly omitted or misrepresented material information was disclosed in Driven's public filings and

announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiffs, and members of the class.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission, and did not directly or indirectly induce the act or acts constituting the alleged violations and/or because Defendants had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or other members of the class had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Driven stock would decline if such risks materialized.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the damages sought exceed those permitted under the law or any applicable statute, rule, or regulation.

## TWENTY-FOURTH DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the putative class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs have an adequate remedy at law.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiffs, other members of the class, or other third parties, including the failure to undertake their own due diligence.

Dated:  April 21, 2025

Respectfully submitted,

 /s/  Adam K. Doerr

**ROBINSON, BRADSHAW & HINSON**
Adam K. Doerr, *N.C. Bar No. 37807*
Emma W. Perry, *N.C. Bar No. 58848*
101 N. Tryon St., Ste. 1900
Charlotte, NC 28246
Tel.: (704) 377-8114

*Local Counsel for Driven Brands Holdings Inc.*
*and Jonathan G. Fitzpatrick*

**GIBSON, DUNN & CRUTCHER LLP**
Christopher D. Belelieu *(pro hac vice)*
Nathan C. Strauss *(pro hac vice)*
Bethany J. Saul *(pro hac vice)*
200 Park Ave.
New York, NY 10166
Tel.: (212) 351-4000

*Counsel for Driven Brands Holdings Inc.*
*and Jonathan G. Fitzpatrick*

 /s/  S. Frederick Winiker, III

**WINIKER LAW FIRM, PLLC**
S. Frederick Winiker, III, N.C. Bar No. 22390
352 N. Caswell Rd.
Charlotte, NC 28204
Tel: (704) 333-8440
swiniker@winikerlaw.com

*Local Counsel for Defendant Tiffany L. Mason*

**ROTTENBERG LIPMAN RICH, P.C.**
Steven Kayman *(pro hac vice)*
Jennifer A. Kreder *(pro hac vice)*
230 Park Ave., 18th Floor
New York, NY 10169
Tel: (212) 661-3080
skayman@rlrpclaw.com
jkreder@rlrpclaw.com

*Counsel for Defendant Tiffany L. Mason*

37