# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:23-cv-00895-MOC-DCK

GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, on behalf of itself
and all others similarly situated,

        Plaintiffs,

    v.

DRIVEN BRANDS HOLDINGS INC.,
JONATHAN G. FITZPATRICK, and
TIFFANY L. MASON,

        Defendants.

## [PROPOSED] PROTECTIVE ORDER

It is hereby ORDERED by the Court that the following restrictions and procedures shall

apply to certain information, documents and excerpts from documents supplied by the Parties[1] to

each other in response to discovery requests:

    1.    Counsel for any Party may designate any document or information contained in a

document as confidential if counsel determines, in good faith, that such designation is necessary

---

[1] The following definitions apply to this Protective Order:

  a)  <u>Party or Parties</u>:  One or more of the named parties to the above-captioned action (the "Action").
  b)  <u>Non-Party or Non-Parties</u>:  An individual or entity that is not a named party to the Action who may have discoverable information relevant to this Action.
  c)  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."
  d)  <u>Producing Party</u>: a Party or Non-Party that produces disclosure or discovery material in this Action.
  e)  <u>Receiving Party</u>: a Party that receives disclosure or discovery material from a Producing Party.

**Exhibit A**

to protect the interests of the client. Information and documents designated by a Party as confidential will be labeled "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "Confidential Information."

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" to each page that contains protected material.

b. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the information or documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Confidential Information.

c. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall designate the transcript of the proceeding or deposition as Confidential before the close of the deposition, hearing, or other proceeding. If the Designating Party designates the transcript as

2

Confidential on the record during the deposition, the Designating Party may send written notice withdrawing any such designations (or portions thereof) within thirty (30) days of receipt of the final transcript of the testimony. Alternatively, the Designating Party may send written notice identifying the portions of the transcript containing protected testimony within thirty (30) days of receipt of the final transcript of the testimony.

d. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed by the Producing Party will be held and used by the Receiving Party solely for use in connection with the Action.

3. In the event a Receiving Party challenges a Producing Party's Confidential designation:

a. The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; written forms of communication are not sufficient) within

fourteen (14) days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party at least fourteen (14) days to review the designated material, to reconsider the designation, and, if no change in designation is made, to explain the basis for the confidentiality designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

b. In the absence of a resolution, the challenging Party may thereafter seek resolution by the Court.

c. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this Action is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

4. An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such documents or information. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

4

a.  The Parties;

b.  Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the Action) and relevant in-house counsel for the Parties;

c.  Employees of such counsel assigned to and necessary to assist in the Action;

d.  Consultants or experts to the extent deemed necessary by counsel;

e.  The Court and its personnel, or the jury at trial and any appellate court in this litigation;

f.  Court reporters, stenographers, video operators, and their staff;

g.  Professional jury or trial consultants and mock jurors and professional vendors retained by counsel to whom disclosure is reasonably necessary for this Action;

h.  Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information if he or she was not the author or recipient of the Confidential Information; and

i.  The author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information.

6.  Prior to disclosing or displaying the Confidential Information to any authorized person, counsel shall:

a.  Inform the person of the confidential nature of the information or

documents; and

b.    Inform the person that this Court has enjoined the use of the Confidential Information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of that Confidential Information to any other person unless authorized under this Protective Order to view the Confidential Information.

7.    The Confidential Information may be displayed to and discussed with the persons identified in Paragraph 5(c), (f) and (g) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from this Court.

8.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information or items designated in this Action as "CONFIDENTIAL," that Party must:

a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.    promptly notify in writing the Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

6

9. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

 a. notify in writing the Designating Party of the unauthorized disclosure(s);

 b. use its best efforts to retrieve all unauthorized copies of the Confidential Information;

 c. inform the person or persons to whom an unauthorized disclosure(s) was made of all the terms of this Protective Order; and

 d. request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Local Civil Rule ("LCvR") 6.1. Confidential Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Information at issue. If a Receiving Party's request to file Confidential Information under seal pursuant to Local Civil Rule 6.1 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Local Civil Rule 6.1 unless otherwise instructed by the Court. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Parties agree that nothing in this Protective Order shall require disclosure of privileged information (i.e., information subject to a claim of attorney-client privilege, work product protection or other privilege or immunity), and

7

the production of privileged information is not a waiver of the privilege or protection from disclosure or discovery in this Action or any other federal or state proceeding. For the purpose of Paragraph 5 it is understood by the Parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

11.     Within sixty (60) days after the final disposition[2] of this Action, each Receiving Party must return all Confidential Information to the Producing Party or destroy such Confidential Information. All Confidential Information includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel is entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.   Even after final disposition of this Action, the confidentiality

---

[2] Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further protective order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

IT IS SO ORDERED.

Signed: July __, 2025

_____

**EXHIBIT A**
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of North Carolina on _____ [date] in the case of *Genesee County Employees' Retirement System . v. Driven Brands Holdings Inc., et al.,* Case No. 3:23-cv-00895-MOC-DCK (the "Action").

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the Action have been designated as confidential. I have been informed that any such document or information labeled as CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" is confidential by Order of the Court.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order, and I further agree not to use any such information for any purpose other than this Action.

DATED: _____     Signed in the presence of:

_____     _____
(Signature)                                                          (Attorney)