# Exhibit 2

| | |
|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DRIVEN BRANDS HOLDINGS INC., JONATHAN G. FITZPATRICK, and TIFFANY L. MASON, <br><br> Defendants. | Case No. 3:23-cv-00895-MOC-DCK <br><br> Judge: Honorable Max O. Cogburn, Jr. |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *Genesee County Employees' Retirement System v. Driven Brands Holdings Inc.*, Case No. 3:23-cv-00895-MOC-DCK (the "Action");

WHEREAS, (a) Lead Plaintiffs Genesee County Employees' Retirement System ("Genesee"), Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association (together "Oakland County," and collectively with Genesee, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Driven Brands Holdings Inc. ("Driven" or the "Company"), Jonathan G. Fitzpatrick and Tiffany L. Mason (together, the "Individual Defendants," and collectively with Driven, "Defendants" and together with Lead Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in

the Stipulation and Agreement of Settlement dated December 19, 2025 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, all capitalized terms used in this Order that are not defined herein have the meanings defined in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Preliminary Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement, the Action is hereby preliminary certified as a class action for a Settlement Class of: all persons and entities who purchased Driven common stock during the period from October 27, 2021 through August 1, 2023, inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Driven and any members of their Immediate Families; (iv) any affiliates or subsidiaries of Driven; (v) Roark Capital Management, LLC and its direct or indirect subsidiaries, related investment funds, or other affiliates, including Driven Equity LLC and RC IV Cayman ICW Holdings LLC, and any members of those entities; (vi) any entity in which any excluded person has or had a controlling

2

interest; and (vii) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities. Also excluded from the Settlement Class are any persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement

3

under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2026 at __:__ _.m. either in person in Courtroom ___ of the United States Courthouse, Charles R. Jonas Federal Building, 401 West Trade Street Charlotte, NC 28202, or by telephone or videoconference, in the discretion of the Court, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

4

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     Not later than fifteen (15) business days after the date of entry of this Order, Driven, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, shall provide or cause to be provided to Lead Counsel or the Claims Administrator, in an electronically searchable form, such as Excel, its security lists (consisting of names, mailing addresses, and, if available, email addresses) of the purchasers of Driven common stock during the Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Driven or in the records which Driven caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

5

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and

6

time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **<u>Nominee Procedures</u>** – The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms and other persons or entities who purchased or otherwise acquired Driven common stock during the Class Period as record owners but not beneficial owners. Such nominees shall : (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **<u>CAFA Notice</u>** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than ten (10) business days after serving the CAFA notice, Defendants shall cause to be served on Lead

Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11.     **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

8

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in Paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  *Driven Brands Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Genesee County Employees' Retirement System v. Driven Brands Holdings Inc.*, Case No. 3:23-cv-00895-MOC-DCK"; (iii) state the number of shares of Driven common stock that the person or entity requesting

exclusion (a) held as of the opening of trading October 27, 2021 and (b) purchased/acquired and/or sold from October 27, 2021 through August 1, 2023, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice,

10

by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in Paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member that does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Counsel for Defendants Driven Brands Holdings Inc. and Jonathan G. Fitzpatrick** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Gibson, Dunn & Crutcher LLP |
| Jonathan D. Uslaner | Christopher D. Belelieu |
| 2121 Avenue of the Stars, Suite 2575 | Nathan C. Strauss |
| Los Angeles, CA 90067 | Bethany J. Saul |
| | 200 Park Avenue |
| | New York, New York 10166 |

**Liaison Counsel for Defendants Driven Brands Holdings Inc. and Jonathan G. Fitzpatrick**

Robinson, Bradshaw & Hinson, P.A.
Adam K. Doerr
Emma W. Perry
101 N. Tyron St., Suite 1900
Charlotte, NC 28246

**Counsel for Defendant Tiffany L. Mason**

Rottenberg Lipman Rich, P.C.
Steven M. Kayman
230 Park Avenue, 18th Floor
New York, NY 10169

19. Any objections, filings, and other submissions by the objecting Settlement Class Member must include: (1) the name of this proceeding, *Genesee County Employees' Retirement System v. Driven Brands Holdings Inc.*, Case No. 3:23-cv-00895-MOC-DCK; (2) the objector's full name, current address, email address (if applicable), and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Driven common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the

12

dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

20. Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in Paragraph 18 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

23. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

24. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without

14

prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of November 13, 2025, as provided in the Stipulation.

27.     **Use of this Order** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other

15

reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be offered as evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement; or (d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 202__.

_____
The Honorable Max O. Cogburn, Jr.
United States District Judge

16

# Exhibit 1

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DRIVEN BRANDS HOLDINGS INC., JONATHAN G. FITZPATRICK, and TIFFANY L. MASON,<br><br>Defendants. | Case No. 3:23-cv-00895-MOC-DCK<br><br>Judge: Honorable Max O. Cogburn, Jr. |

**NOTICE OF (I) PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND**
**(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of North Carolina (the "Court"), if you purchased the common stock of Driven Brands Holdings Inc. ("Driven" or the "Company") during the period from October 27, 2021 through August 1, 2023, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Genesee County Employees' Retirement System ("Genesee"), Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association (collectively "Oakland County," and together with Genesee, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 20 below), have reached a proposed settlement of the Action for **$25,000,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 19, 2025 (the "Stipulation"), which is available at www.DrivenBrandsSecuritiesLitigation.com.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Driven, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 66 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Driven and certain of its executives, former Chief Executive Officer Jonathan G. Fitzpatrick and former Chief Financial Officer Tiffany L. Mason (together, the "Individual Defendants"), violated the federal securities laws by making false and misleading statements during the Class Period concerning (a) Driven's efforts to create a nationwide auto-glass business by acquiring and integrating smaller companies into a single "platform" and (b) operational execution and customer retention in Driven's car wash business. A more detailed description of the Action is set forth in paragraphs 11-19 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (defined in paragraph 20 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 30 below).

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $25,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund")) less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Driven common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.85 per eligible share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Driven common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred

to prosecute this Action.[2]  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost per affected share of Driven common stock, if the Court approves Lead Counsel's fee and expense application, is $0.25 per share.

6.   **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Jonathan D. Uslaner of Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067, (800) 380-8496, settlements@blbglaw.com.

7.   **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2026.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |

---

[2] Plaintiffs' Counsel means Lead Counsel Bernstein Litowitz Berger & Grossmann LLP; Liaison Counsel Terpening Law PLLC; and additional counsel for Lead Plaintiffs, Vanoverbeke Michaud & Timmony, P.C.

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2026 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Settlement Hearing—currently scheduled for _____, 2026 at __:__ __.m.—is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the Settlement website, www.DriveBrandsSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| |
|---|
| **WHAT THIS NOTICE CONTAINS** |

Why Did I Get This Notice? ............................................................................ Page 5
What Is This Case About? ............................................................................... Page 5
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? ..................................................... Page 6
What Are Lead Plaintiffs' Reasons For The Settlement? ...................................... Page 7
What Might Happen If There Were No Settlement? ............................................ Page 7
How Are Settlement Class Members Affected By The Action
   And The Settlement? .................................................................................. Page 8
How Do I Participate In The Settlement? What Do I Need To Do? ........................ Page 10
How Much Will My Payment Be? .................................................................... Page 10
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? ................................................................... Page 11
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? ........................................................................... Page 12

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863    Page 4 of 22

Case 3:23-cv-00895-MOC-DCK   Document 77-2   Filed 12/19/25   Page 22 of 54

When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
Don't Like The Settlement?                                              Page 12
What If I Bought Shares On Someone Else's Behalf?                       Page 14
Can I See The Court File?  Whom Should I Contact If I Have Questions?   Page 15
Appendix A: Plan of Allocation of the Net Settlement Fund              Page 16

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Driven common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 55-56 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   Driven is an automotive services company.  At all relevant times, Driven's common stock traded on the NASDAQ under the ticker symbol "DRVN."  This Action involves allegations that, during the Class Period (from October 27, 2021 through August 1, 2023, inclusive), Driven and the Individual Defendants made material misrepresentations and omissions regarding the Company's efforts to create a nationwide auto-glass business by acquiring and integrating smaller companies into a single "platform" and the operational execution and customer retention in the Company's car wash business.  Lead Plaintiffs allege that these misrepresentations and omissions caused the price of Driven's common stock to be inflated during the Class Period, and that the price declined as a result of Driven's disclosures on October 26, 2022 and August 2, 2023.

12.   On December 22, 2023, Genesee filed the initial complaint in Court, alleging violations of the federal securities laws against Defendants.  On May 31, 2024, the Court entered an Order appointing Genesee and Oakland County as Lead Plaintiffs, and approving their selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863     Page 5 of 22

Case 3:23-cv-00895-MOC-DCK     Document 77-2     Filed 12/19/25     Page 23 of 54

13. On August 13, 2024, Lead Plaintiffs filed an Amended Complaint for Violations of Federal Securities Law (the "Complaint"). The Complaint asserted claims on behalf of purchasers of Driven common stock from October 27, 2021 through August 1, 2023, inclusive. The Complaint alleged that Defendants made materially false and misleading statements or omissions concerning: (1) the Company's efforts to create a nationwide auto-glass business by acquiring and integrating smaller companies into a single "platform" and (2) operational execution and customer retention in the Company's car wash business. The Complaint asserted (i) claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) against all Defendants; and (ii) claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants.

14. On October 14, 2024, Defendants filed a motion to dismiss the Complaint. After full briefing on the motion, on February 20, 2025, the Court denied Defendants' motion to dismiss in its entirety.

15. On March 6, 2025, Defendants moved for reconsideration of the Court's order. On October 29, 2025, the Court granted Defendants' motion for reconsideration, but again denied Defendants' motion to dismiss the Complaint.

16. Discovery in the Action commenced in May 2025. In response to Lead Plaintiffs' requests for production of documents, Defendants produced over 70,000 pages of documents to Lead Plaintiffs. In addition, the Parties met and conferred and exchanged letters concerning disputed discovery issues numerous times over several months.

17. The Parties began exploring the possibility of a settlement in the fall of 2025. The Parties agreed to engage in private mediation and retained Jed Melnick of JAMS to act as mediator in the Action (the "Mediator"). On November 13, 2025, counsel for the Parties participated in a full-day mediation session before the Mediator. At the conclusion of the mediation session, Mr. Melnick made a mediator's recommendation that the Parties settle the Action for $25 million, which the Parties accepted.

18. On December 19, 2025, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.DrivenBrandsSecuritiesLitigation.com.

19. On _____, 202__, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

20. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who purchased Driven common stock during the period from October 27, 2021 through August 1, 2023, inclusive.

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Driven and any members of their Immediate Families; (iv) any affiliates or subsidiaries of Driven; (v) Roark Capital Management, LLC and its direct or indirect subsidiaries, related investment funds, or other affiliates, including Driven Equity LLC and RC IV Cayman ICW Holdings LLC, and any members of those entities; (vi) any entity in which any excluded person has or had a controlling interest; and (vii) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and

entities. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page __ below.

**Please Note: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2026.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| :---: |

21. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the substantial risks they would face in establishing liability and damages through the Court's rulings on class certification, summary judgment, pre-trial motions, a trial, and appeals, as well as the length and expense to the Settlement Class of continued proceedings. The risks of continued litigation concerned each main element of Lead Plaintiffs' claims. For example, there was a risk that the Court or jury might ultimately find that certain of the alleged misstatements were vague or aspirational statements that are not actionable under the securities laws. While Lead Plaintiffs believed that they had responses to this challenge, it presented a significant risk at future stages of the litigation. Further, Lead Plaintiffs also faced challenges in proving scienter—*i.e.*, that Defendants knowingly or recklessly deceived investors. There was a risk that the Court or jury could find that Defendants lacked scienter on a complete record at summary judgment or trial.

22. Lead Plaintiffs faced further significant risks related to proving loss causation and damages. Specifically, there was a material risk that the Court would eliminate from recovery one or both corrective disclosures at class certification, summary judgment, or trial. If the Court were to have eliminated the second corrective disclosure at any stage of the litigation, maximum recoverable damages would have been reduced dramatically. There was also a meaningful risk that the Court or a jury would find that large portions of the stock price declines on the alleged corrective disclosure dates were due to factors unrelated to the alleged fraud—such as macroeconomic retail softness and Driven's mounting rent expenses. Accordingly, the need to "disaggregate" fraud-related damages from the overall stock price declines on those dates was likely to materially lower the amounts of potential recovery in this case.

23. In light of these and other risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Settlement provides a substantial benefit to the Settlement Class, namely $25,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after further proceedings on Lead Plaintiffs' motion for class certification and likely summary judgment motions, trial, and appeals, possibly years in the future.

24. Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863     Page 7 of 22

Case 3:23-cv-00895-MOC-DCK     Document 77-2     Filed 12/19/25     Page 25 of 54

25.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
BY THE ACTION AND THE SETTLEMENT?**

26.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

27.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page [__] below.

28.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

29.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members (whether or not such Settlement Class Members execute and deliver a Claim Form to the Claims Administrator), on behalf of themselves, and, to the fullest extent permitted by law, their respective heirs, executors, personal representatives, administrators, predecessors, successors, attorneys, agents, assignees, and assigns, in their capacities as such, and any other person or entity claiming (now or in the future) to have acted through or on behalf of them, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from instituting, commencing, or prosecuting any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, directly or indirectly.

30.  "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, that Lead Plaintiffs or any other member of the Settlement Class, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, attorneys, agents, assignees, and assigns, in their capacities as such, (i) asserted in the Complaint; or (ii) could have asserted in this Action or in the future in any forum that arise out of, are based upon, or relate to in any way to (a) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or

omissions involved, set forth, alleged, or referred to in the Complaint and (b) the purchase of Driven common stock during the Class Period. This release <u>does not cover, include, or release</u>: (i) any claims asserted in any related ERISA or shareholder derivative action, including *In re Driven Brand Holdings Inc. Derivative Litig.*, No. 3:25-00019 (W.D.N.C.); *In re Driven Brands Holdings Inc. Derivative Litig.*, No. 3:25-cv-00288 (W.D.N.C.); *Terwilliger v. Fitzpatrick*, No. 3:25-cv-00018 (W.D.N.C.); *Kalimon v. Aronson*, No. 3:25-cv-00764 (W.D.N.C.); and *Bushansky, v. Fitzpatrick,* No. 2025-1306-MTZ (Del. Ch.).; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; or (iii) any claims relating to the enforcement of the Settlement.

31. "Defendants' Releasees" means Defendants, and each of their respective current and former parents, subsidiaries, divisions, affiliates, franchisees and franchise owners, stockholders, officers, directors, insurers, reinsurers, employees, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners, partnerships, limited liability companies, predecessors, successors, assigns, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family Members, purchasers, and assigns of each of the foregoing), in their capacities as such.

32. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those known or believed to be true with respect to the subject matter of Released Plaintiffs' Claims or Released Defendants' Claims, but they expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and Lead Plaintiffs and Defendants, and each of the other Settlement Class Members, by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a material element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and, to the fullest extent permitted by law, their respective heirs, executors, personal representatives, administrators, predecessors, successors, attorneys, agents, assignees, and assigns, in their capacities as such, and any other person or entity claiming (now or in the future) to have acted through or on behalf of them, will have fully, finally, and forever compromised, settled, released, resolved,

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863      Page 9 of 22

Case 3:23-cv-00895-MOC-DCK    Document 77-2    Filed 12/19/25    Page 27 of 54

relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from instituting, commencing, or prosecuting any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, directly or indirectly.

34.  "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  This release does not cover, include, or release (i) claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

35.  "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

36.  To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at www.DrivenBrandsSecuritiesLitigation.com **no later than _____, 2026**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.DrivenBrandsSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-855-433-7863 or by emailing the Claims Administrator at info@DrivenBrandsSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Driven common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Driven common stock.

37.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

38.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

39.  Pursuant to the Settlement, Defendants have agreed to cause $25,000,000 in cash (the "Settlement Amount") to be paid into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms,

in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

40. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

41. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

42. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

43. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

44. Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Driven common stock purchased through the ERISA Plan in any Claim Form they submit in this Action. They should include ONLY shares of Driven common stock purchased during the Class Period outside of an ERISA Plan. Claims based on any ERISA Plan's purchases of Driven common stock during the Class Period may be made by the plan's trustees.

45. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

46. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

47. Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Driven common stock.

48. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863    Page 11 of 22

Case 3:23-cv-00895-MOC-DCK    Document 77-2    Filed 12/19/25    Page 29 of 54

49.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the PSLRA.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

50.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Driven Brands Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  The Request for Exclusion must be ***received* no later than _____, 2026**.  You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in styled *Genesee County Employees' Retirement System v. Driven Brands Holdings Inc*., Case No. 3:23-cv-00895-MOC-DCK (W.D.N.C.)"; (iii) state the number of shares of Driven common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on October 27, 2021 and (B) purchased/acquired and/or sold from October 27, 2021 through August 1, 2023, inclusive, as well as the date, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

51.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

52.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

53.     Driven has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Driven.

54.  **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

55.  **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  The Court may decide to allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.DrivenBrandsSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.DrivenBrandsSecuritiesLitigation.com.  If the Court allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.DrivenBrandsSecuritiesLitigation.com.**

56.  The Settlement Hearing will be held on _____, **2026 at __:__ __.m.,** before the Honorable Max O. Cogburn, Jr. of the United States District Court for the Western District of North Carolina, either in person at the United States Courthouse, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202, or by telephone or videoconference, in the discretion of the Court.  At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

57.  Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the Western District of North Carolina, at the address set forth below **on or before** _____, **2026**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before** _____, **2026.**

| **Clerk's Office** | **Lead Counsel** | **Counsel for Defendants Driven Brands Holdings Inc. and Jonathan G. Fitzpatrick** |
|---|---|---|
| United States District Court Western District of North Carolina Clerk of the Court U.S. Courthouse 401 West Trade Street, Room 1200 Charlotte, NC 28202 | Bernstein Litowitz Berger & Grossmann LLP Jonathan D. Uslaner 2121 Avenue of the Stars Suite 2575 Los Angeles, CA 90067 | Gibson, Dunn & Crutcher LLP Christopher D. Belelieu Nathan C. Strauss Bethany J. Saul 200 Park Avenue New York, NY 10166 <br><br> **Liaison Counsel for Defendants Driven Brands Holdings Inc. and Jonathan G. Fitzpatrick** <br><br> Robinson, Bradshaw & Hinson, P.A. Adam K. Doerr Emma W. Perry 101 N. Tyron St., Suite 1900 Charlotte, NC 28246 <br><br> **Counsel for Defendant Tiffany L. Mason** <br><br> Rottenberg Lipman Rich, P.C. Steven M. Kayman 230 Park Avenue, 18th Floor New York, NY 10169 |

58. Any objection must include (a) the name of this proceeding, *Genesee County Employees' Retirement System v. Driven Brands Holdings Inc*., Case No. 3:23-cv-00895-MOC-DCK (W.D.N.C.); (b) the objector's full name, current address, email address (if applicable), and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Driven common stock that the objecting Settlement Class Member purchased/acquired and/or sold from October 27, 2021 through August 1, 2023, inclusive, as well as the date, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

59. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

60.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

61.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* **on   or   before _____, 2026**.  Such persons may be heard orally at the discretion of the Court.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

62.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before _____, 2026**.

63.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the case website, www.DrivenBrandsSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

64.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

65.    If you purchased Driven common stock from October 27, 2021 through August 1, 2023, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Driven Brand Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek payment of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.DrivenBrandsSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-___-___-____.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

66.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action,

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863      Page 15 of 22

Case 3:23-cv-00895-MOC-DCK    Document 77-2    Filed 12/19/25    Page 33 of 54

including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ncwd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of North Carolina, United States Courthouse, Charles R. Jonas Federal Building, 401 West Trade Street, Room 1200, Charlotte, NC 28202.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.DrivenBrandsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Driven Brands Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

855-433-7863
www.DrivenBrandsSecuritiesLitigation.com

or

Jonathan D. Uslaner
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067

800-380-8496
settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2026

By Order of the Court
United States District Court
Western District of North Carolina

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

67.    As discussed above, the Settlement provides $25,000,000 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

68.    The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.   Any Orders regarding a modification to the Plan will be posted to www.DrivenBrandsSecuritiesLitigation.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

69.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

70.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Driven common stock to be artificially inflated throughout the Class Period.   In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Driven common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

71.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Driven common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from October 27, 2021 through August 1, 2023, inclusive, which had the effect of artificially inflating the price of Driven common stock.  Lead Plaintiffs further allege that corrective information was released to the market on October 26, 2022 and August 2, 2023, which removed artificial inflation from the price of Driven common stock on those days.

72.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Driven common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member that purchased or

otherwise acquired Driven common stock during the Class Period must have held those shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Driven common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNT

73.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Driven common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[3]

74.    For each share of Driven common stock purchased or otherwise acquired during the Class Period (that is, the period from October 27, 2021 through and including the close of trading on August 1, 2023), and:

A.    Sold prior to the close of trading on October 25, 2022, the Recognized Loss Amount will be $0.00.

B.    Sold from October 26, 2022 though and including the close of trading on August 1, 2023, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase/acquisition price minus the sale price.

C.    Sold from August 2, 2023 through and including the close of trading on October 30, 2023, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price from August 2, 2023 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

D.    Held as of the close of trading on October 30, 2023, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below, or (ii) the purchase/acquisition price *minus* $13.28.[4]

---

[3] Any transactions in Driven common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Driven common stock during the "90-day look-back period" from August 2, 2023 through October 30, 2023.  The mean (average) closing price for Driven common stock during this period was $13.28.

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863      Page 18 of 22

Case 3:23-cv-00895-MOC-DCK    Document 77-2    Filed 12/19/25    Page 36 of 54

## ADDITIONAL PROVISIONS

75. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 74 above.

76. **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of Driven common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

77. **Purchase/Sale Prices:** For the purposes of calculations in ¶ 74 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

78. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Driven common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Driven common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Driven common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Driven common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Driven common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Driven common stock.

79. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Driven common stock. The date of a "short sale" is deemed to be the date of sale of the Driven common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

80. In the event that a Claimant has an opening short position in Driven common stock, the earliest purchases or acquisitions of Driven common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

81. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Driven common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

82. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Driven common stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of Driven common stock purchased or acquired during Class Period.

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863     Page 19 of 22

Case 3:23-cv-00895-MOC-DCK   Document 77-2   Filed 12/19/25   Page 37 of 54

Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

83.   If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Driven common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Driven common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

84.   **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

85.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

86.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

87.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages experts, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or

---

[6]  The Claims Administrator shall match any sales of Driven common stock during the Class Period first against the Claimant's opening position in Driven common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Driven common stock sold during the Class Period is the "Total Sales Proceeds."

[7]  The Claims Administrator shall ascribe a "Holding Value" of $15.20 to each share of Driven common stock purchased or acquired during the Class Period that was still held as of the close of trading on August 1, 2023.

Case 3:23-cv-00895-MOC-DCK     Document 77-2     Filed 12/19/25     Page 38 of 54

the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**TABLE A**

| Estimated Artificial Inflation in Driven Common Stock October 27, 2021 through August 1, 2023 | |
| --- | --- |
| **Date Range** | **Estimated Artificial Inflation Per Share** |
| October 27, 2021 through October 25, 2022 | $12.42 |
| October 26, 2022 through August 1, 2023 | $10.37 |
| August 2, 2023 or later | $0.00 |

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863       Page 21 of 22

Case 3:23-cv-00895-MOC-DCK     Document 77-2     Filed 12/19/25     Page 39 of 54

**TABLE B**

| 90-Day Look-back Table for Driven Common Stock Closing Price and Average Closing Price August 2, 2023 through October 30, 2023 | | | | | |
|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price from August 2, 2023 through Date Shown | Date | Closing Price | Average Closing Price from August 2, 2023 through Date Shown |
| 8/2/2023 | $15.20 | $15.20 | 9/18/2023 | $13.38 | $14.52 |
| 8/3/2023 | $16.08 | $15.64 | 9/19/2023 | $13.45 | $14.49 |
| 8/4/2023 | $16.09 | $15.79 | 9/20/2023 | $13.41 | $14.45 |
| 8/7/2023 | $15.40 | $15.69 | 9/21/2023 | $13.28 | $14.42 |
| 8/8/2023 | $14.85 | $15.52 | 9/22/2023 | $13.04 | $14.38 |
| 8/9/2023 | $14.40 | $15.34 | 9/25/2023 | $12.85 | $14.34 |
| 8/10/2023 | $14.40 | $15.20 | 9/26/2023 | $12.50 | $14.30 |
| 8/11/2023 | $15.13 | $15.19 | 9/27/2023 | $12.46 | $14.25 |
| 8/14/2023 | $15.16 | $15.19 | 9/28/2023 | $12.61 | $14.21 |
| 8/15/2023 | $14.88 | $15.16 | 9/29/2023 | $12.59 | $14.17 |
| 8/16/2023 | $14.62 | $15.11 | 10/2/2023 | $12.06 | $14.12 |
| 8/17/2023 | $14.33 | $15.05 | 10/3/2023 | $11.99 | $14.07 |
| 8/18/2023 | $14.28 | $14.99 | 10/4/2023 | $11.90 | $14.03 |
| 8/21/2023 | $14.48 | $14.95 | 10/5/2023 | $11.62 | $13.97 |
| 8/22/2023 | $14.36 | $14.91 | 10/6/2023 | $11.68 | $13.93 |
| 8/23/2023 | $14.69 | $14.90 | 10/9/2023 | $11.67 | $13.88 |
| 8/24/2023 | $14.33 | $14.86 | 10/10/2023 | $11.98 | $13.84 |
| 8/25/2023 | $14.38 | $14.84 | 10/11/2023 | $11.56 | $13.79 |
| 8/28/2023 | $14.59 | $14.82 | 10/12/2023 | $11.11 | $13.74 |
| 8/29/2023 | $14.70 | $14.82 | 10/13/2023 | $11.25 | $13.69 |
| 8/30/2023 | $15.05 | $14.83 | 10/16/2023 | $11.67 | $13.66 |
| 8/31/2023 | $15.05 | $14.84 | 10/17/2023 | $11.73 | $13.62 |
| 9/1/2023 | $14.86 | $14.84 | 10/18/2023 | $11.31 | $13.58 |
| 9/5/2023 | $14.40 | $14.82 | 10/19/2023 | $11.31 | $13.54 |
| 9/6/2023 | $14.29 | $14.80 | 10/20/2023 | $11.31 | $13.50 |
| 9/7/2023 | $13.75 | $14.76 | 10/23/2023 | $11.19 | $13.46 |
| 9/8/2023 | $13.72 | $14.72 | 10/24/2023 | $11.22 | $13.42 |
| 9/11/2023 | $13.69 | $14.68 | 10/25/2023 | $11.10 | $13.38 |
| 9/12/2023 | $13.45 | $14.64 | 10/26/2023 | $11.30 | $13.35 |
| 9/13/2023 | $13.60 | $14.61 | 10/27/2023 | $11.00 | $13.31 |
| 9/14/2023 | $13.80 | $14.58 | 10/30/2023 | $11.15 | $13.28 |
| 9/15/2023 | $13.65 | $14.55 | | | |

# Exhibit 2

***Driven Brands Securities Litigation***
**Toll-Free Number: (855) 433-7863**
**Email: info@DrivenBrandsSecuritiesLitigation.com**
**Website: www.DrivenBrandsSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.DrivenBrandsSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received no later than _____, 2026**.

### Mail to:

***Driven Brands Securities Litigation***
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN DRIVEN BRANDS HOLDINGS INC. COMMON STOCK (TICKER: DRVN, CUSIP: 26210V102)** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **7** |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Joint Beneficial Owner's Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

| City | State/Province | Zip Code |
| --- | --- | --- |
| | | |

| Foreign Postal Code (if applicable) | Foreign Country (if applicable) |
| --- | --- |
| | |

| Telephone Number (Day) | Telephone Number (Evening) |
| --- | --- |
| | |

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)  ☐ Corporation  ☐ UGMA Custodian  ☐ IRA

☐ Partnership  ☐ Estate  ☐ Trust  ☐ Other (describe: _____)

Case 3:23-cv-00895-MOC-DCK    Document 77-2    Filed 12/19/25    Page 43 of 54

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page [__] of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Driven Brands Holdings Inc. ("Driven") common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only purchases of Driven common stock from October 27, 2021 through August 1, 2023, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Driven common stock during the period from August 2, 2023 through the close of trading on October 30, 2023 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Driven common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Driven common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.	**Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.	Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Driven common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the Driven common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Driven common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.	**One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Driven common stock made on behalf of a single beneficial owner.

10.	Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)	expressly state the capacity in which they are acting;

(b)	identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Driven common stock; and

(c)	furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.	By submitting a signed Claim Form, you will be swearing that you:

(a)	own(ed) the Driven common stock you have listed in the Claim Form; or

(b)	are expressly authorized to act on behalf of the owner thereof.

12.	By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.	Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@DrivenBrandsSecuritiesLitigation.com, or by toll-free phone at (855) 433-7863, or you can visit the website, www.DrivenBrandsSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of: (a) accounts of multiple Settlement Class Members; and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. (This is different than the online claim portal on the Settlement Website.) To obtain the *mandatory* electronic filing requirements and file layout, you can visit the Settlement Website at www.DrivenBrandsSecuritiesLitigation.com, or you can email the Claims Administrator's electronic filing department at efile@DrivenBrandsSecuritiesLitigation.com **Any file not in accordance with the required electronic filing format will be subject to rejection.** All Representative Filers MUST also submit a manually signed Claim Form for each Settlement Class Member, as well as proof of authority to file, along with the electronic spreadsheet format. Only one claim should be submitted for each separate legal entity, sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number, and the *complete* name of the beneficial owner of the securities must be entered where called for. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive the confirmation email. If you do not receive such an email within 10 days after your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received.**

17. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.DrivenBrandsSecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator before filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@DrivenBrandsSecuritiesLitigation.com or (855) 433-7863. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form. If you do not receive a confirmation email within 10 days of your submission, you should contact the Claims Administrator at info@DrivenBrandsSecuritiesLitigation.com to inquire about your claim and confirm it was received and acceptable.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (855) 433-7863**

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863          Page 5 of 9

Case 3:23-cv-00895-MOC-DCK     Document 77-2     Filed 12/19/25     Page 46 of 54

## PART III – SCHEDULE OF TRANSACTIONS IN DRIVEN BRANDS COMMON STOCK

The only eligible security is the common stock of Driven Brands Holdings Inc. ("Driven") (**Ticker: DRVN, CUSIP: 26210V102**). Do not include information regarding any other securities. Please include proper documentation with your Claim Form as described in Part II – General Instructions, Paragraph 6, above.

| **1. HOLDINGS AS OF OCTOBER 26, 2021** – State the total number of shares of Driven common stock held as of the close of trading on October 26, 2021. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM OCTOBER 27, 2021 THROUGH AUGUST 1, 2023** – Separately list each and every purchase or acquisition (including free receipts) of Driven common stock from October 27, 2021 through the close of trading on August 1, 2023. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM AUGUST 2, 2023 THROUGH OCTOBER 30, 2023** – State the total number of shares of Driven common stock purchased or acquired (including free receipts) from August 2, 2023 through the close of trading on October 30, 2023. If none, write "zero" or "0." _____

| **4. SALES FROM OCTOBER 27, 2021 THROUGH OCTOBER 30, 2023** – Separately list each and every sale or disposition (including free deliveries) of Driven common stock from October 27, 2021 through the close of trading on October 30, 2023. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| **5. HOLDINGS AS OF OCTOBER 30, 2023** – State the total number of shares of Driven common stock held as of the close of trading on October 30, 2023. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863     Page 6 of 9

Case 3:23-cv-00895-MOC-DCK    Document 77-2    Filed 12/19/25    Page 47 of 54

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW
### AND SIGN ON PAGE 8 OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)'), and to the fullest extent permitted by law, their respective heirs, executors, personal representatives, administrators, predecessors, successors, attorneys, agents, assignees, and assigns, in their capacities as such, and any other person or entity claiming (now or in the future) to have acted through or on behalf of them, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, directly or indirectly.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.  that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.  that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.  that I (we) own(ed) the Driven common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  that the claimant(s) has (have) not submitted any other claim covering the same purchases of Driven common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.  that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.  that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.  that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

9.  that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Questions? Visit www.DrivenBrandsSecuritiesLitigation.com or call toll-free (855) 433-7863          Page 7 of 9

Case 3:23-cv-00895-MOC-DCK   Document 77-2   Filed 12/19/25   Page 48 of 54

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | |
|---|---|
| Signature of claimant | Date |

| |
|---|
| Print claimant name here |

| | |
|---|---|
| Signature of joint claimant, if any | Date |

| |
|---|
| Print joint claimant name here |

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

| | |
|---|---|
| Signature of person signing on behalf of claimant | Date |

| |
|---|
| Print name of person signing on behalf of claimant here |

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see Paragraph 10 on page 4 of this Claim Form.)

# REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (855) 433-7863.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@DrivenBrandsSecuritiesLitigation.com, or by toll-free phone at (855) 433-7863, or you may visit www.DrivenBrandsSecuritiesLitigation.com. DO NOT call Driven or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.DRIVENBRANDSSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2026**. IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Driven Brands Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____**, 2026**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DRIVEN BRANDS HOLDINGS INC., JONATHAN G. FITZPATRICK, and TIFFANY L. MASON, <br><br> Defendants. | Case No. 3:23-cv-00895-MOC-DCK <br><br> Judge: Honorable Max O. Cogburn, Jr. |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND**
**(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** **All persons and entities who purchased the common stock of Driven Brands Holdings Inc. ("Driven" or the "Company") during the period from October 27, 2021 through August 1, 2023, inclusive (the "Class Period") (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of North Carolina (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Genesee County Employees' Retirement System, Oakland County Employees' Retirement System, and Oakland County Voluntary

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.DrivenBrandsSecuritiesLitigation.com.

Employees' Beneficiary Association (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for **$25,000,000** in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

The Action involves allegations that Driven and certain of its senior officers violated federal securities laws. Lead Plaintiffs allege that Driven, its former Chief Executive Officer, Jonathan G. Fitzpatrick, and its former Chief Financial Officer, Tiffany L. Mason, made material misrepresentations and omissions during the Class Period concerning (a) Driven's efforts to create a nationwide auto-glass business by acquiring and integrating smaller companies into a single "platform;" and (b) operational execution and customer retention in Driven's car wash business. Lead Plaintiffs alleged that Defendants' alleged misstatements violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that Fitzpatrick and Mason controlled Driven when the misstatements were made, in violation of Section 20(a) of the Exchange Act. Defendants[2] deny all allegations in the Action and deny any violations of the federal securities laws. Issues and defenses at issue in the Action included, among others, (i) whether Defendants made materially false statements or omissions; (ii) whether Defendants made the statements with the required state of mind; (iii) whether the alleged misstatements caused class members' losses; and (iv) the amount of damages, if any.

A hearing will be held on _____, 2026, at __:__ __.m., before the Honorable Max O. Cogburn, Jr. of the United States District Court for the Western District of North Carolina, either in person at the United States Courthouse, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202, or by telephone or videoconference, in the discretion of the Court, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel Bernstein Litowitz Berger & Grossmann LLP should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and the Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at: *Driven Brands Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; (855) 433-7863; info@DrivenBrandsSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.DrivenBrandsSecuritiesLitigation.com.

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement dated December 19, 2025 ("Stipulation"). The Stipulation can be viewed and/or obtained at www.DrivenBrandsSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* (**if mailed**) **or online by no later than** _____**, 2026**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than** _____**, 2026**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than** _____**, 2026**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Driven Brands Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

(855) 433-7863
info@DrivenBrandsSecuritiesLitigation.com
www.DrivenBrandsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Jonathan D. Uslaner
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
(800) 380-8496
settlements@blbglaw.com

By Order of the Court

3