# EXHIBIT 1

GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, on behalf of itself
and all others similarly situated,

Plaintiffs,

v.

DRIVEN BRANDS HOLDINGS INC.,
JONATHAN G. FITZPATRICK, and
TIFFANY L. MASON,

Defendants.

Case No. 3:23-cv-00895-MOC-DCK

Judge: Honorable Max O. Cogburn, Jr.

**DECLARATION OF JED D. MELNICK**
**IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT**

I, JED D. MELNICK, declare as follows:

1.      I submit this declaration in my capacity as the independent mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of the Action (the "Settlement"). I make this declaration based on my personal knowledge and am competent to so testify.[1]

2.      While the mediation process is confidential, the Parties to the Settlement have authorized me to inform the Court of the matters set forth in this declaration. The confidentiality of the mediation process is critical, as it encourages full candor in disclosures to the mediator, including in written submissions. My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is

---

[1] All capitalized terms used herein that are not otherwise defined shall have the meanings provided in the Stipulation and Agreement of Settlement, dated December 19, 2025 (ECF No. 77-1).

no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

3.    The Parties to the Action have come to an agreement to settle the case for a cash payment of $25 million (the "Settlement Payment"). The mediation, which I oversaw, ultimately resulted in the Settlement now before the Court for final approval.

## I.    BACKGROUND AND QUALIFICATIONS

4.    I have been a full-time mediator for complex class actions since 2005, and I currently serve as a mediator at JAMS Mediation, Arbitration and ADR Services in New York, NY.  I have mediated over one thousand disputes, including complex securities class actions and shareholder derivative actions.[2]

5.    Among numerous recognitions, I was recently ranked Band 1 on the National Mediators list by Chambers and Partners, after being ranked for the preceding three years.  I was awarded the distinction of being an ADR Champion by *The National Law Journal* as well as being invited to speak about "Mediation Strategies for Judges" as the closing presenter at the annual Delaware Judiciary Retreat.  I have published articles on mediation, founded a nationally ranked dispute resolution journal and trained many young mediators.  I previously served on the Adjunct Faculty at the University of Pennsylvania, School of Law Mediation Clinic.

## II.    THE PARTIES' ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

6.    Lead Plaintiffs and Defendants engaged me to serve as the mediator for the Parties' dispute in the fall of 2025 and scheduled a mediation session with me for November 13, 2025.

7.    In advance of this mediation session, the Parties exchanged and submitted detailed submissions, including thorough mediation statements addressing their views on potential liability

---

[2] My professional profile can be found at https://www.jamsadr.com/neutrals/melnick.

and damages. The work that went into these mediation submissions was substantial, as reflected in their level of detail and legal and factual analysis.

8. The Parties' mediation submissions demonstrated that each side had carefully analyzed the relevant facts and applicable law. I found these submissions to be extremely valuable in helping me understand the relative merits of each Party's position and identifying the issues that would drive and present obstacles to reach a resolution of the Action.

9. On November 13, 2025, counsel for the Parties participated in a full-day mediation session before me in person in New York, New York. The participants in this mediation session included (i) attorneys from counsel for Lead Plaintiffs, Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel"); (ii) attorneys from counsel for Defendants, Gibson, Dunn & Crutcher LLP; and, (iii) attorneys for Defendants' insurance carriers.

10. At the November 13, 2025 mediation session, the Parties engaged in robust negotiations regarding their clients' positions in the Action. These negotiations were extremely hard fought.

11. In an effort to resolve the Action, at the conclusion of the mediation, I issued a mediator's proposal to the Parties that the Action be resolved in exchange for the Settlement Payment. The proposal was issued on a "double-blind" basis, meaning that if one of the sides rejected the proposal they would not find out whether the other side had accepted the proposal. My decision to issue this proposal was based on the submissions that I had received from the Parties, counsel's advocacy for their respective clients, and my independent professional judgment that a resolution at this amount would represent a fair and reasonable outcome. At the conclusion of the mediation, both sides informed me that they had accepted the proposal.

3

### III. THE SETTLEMENT REPRESENTS A FAIR COMPROMISE

12. The mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith. Because the Parties made their mediation submissions and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and highly adversarial, and they reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this Action.

13. I believe that the Settlement of the Action represents a well-reasoned and sound resolution of highly uncertain litigation. The Court, of course, will make its own determination as to the "fairness" of the Settlement under applicable legal standards. However, from a mediator's perspective and based on my years as an attorney and neutral, I respectfully submit that the proposed Settlement warrants approval of the Court, as reflective of the burdens, risks, and potential rewards of taking a case of this size and complexity to trial. My review of the documentary record in this Action, and my numerous discussions with counsel have led me to conclude that both sides have litigated the Action in a vigorous and exceptionally thorough manner. It was also clear to me that both sides were well-prepared and fully capable of proceeding to trial if a settlement could not be achieved.

### IV. CONCLUSION

The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards. From a mediator's perspective, however, I recommend the proposed Settlement as reasonable, arm's length and consistent with the risks and potential rewards of the claims asserted in the Action. The amount of the Settlement is significant and will confer a considerable benefit to the Settlement Class. I believe the Settlement represented the highest

settlement amount and the most favorable terms that Lead Plaintiffs could have achieved at that time.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed this **23rd** day of **April, 2026**.

*/s/Jed D. Melnick, Esq.*
Jed D. Melnick, Esq.
JAMS

5