# EXHIBIT 3

Docusign Envelope ID: C156648C-2B09-85C6-832B-10278855F446

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| OAKLAND COUNTY COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DRIVEN BRANDS HOLDINGS INC., JONATHAN G. FITZPATRICK, and TIFFANY L. MASON,<br><br>Defendants. | Case No. 3:23-cv-00895-MOC-DCK<br><br>Judge: Honorable Max O. Cogburn, Jr. |

**DECLARATION OF JOSEPH ROZELL, BOARD CHAIRPERSON OF OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM AND OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATIONS, IN SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

I, Joseph Rozell, hereby declare as follows:

1. I am the Board Chairperson of the Oakland County Employees' Retirement System ("Oakland County ERS") and Oakland County Voluntary Employees' Beneficiary Association ("Oakland County VEBA" and, together with Oakland County ERS, "Oakland County"). I submit this declaration in support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and litigation expenses, which includes Oakland County's application for

reimbursement of reasonable costs and expenses incurred by Oakland County in connection with its representation of the Settlement Class in this securities class action (the "Action").[1]

2. I am aware of and understand the requirements and responsibilities of a lead plaintiff as set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have been directly involved in monitoring and overseeing the prosecution of the Action on behalf of Oakland County. The following statements are based on my personal knowledge or my understanding based on discussions with counsel and other Oakland County employees.

3. Oakland County ERS and Oakland County VEBA provide retirement benefits to employees of Oakland County, Michigan and their beneficiaries. Oakland County ERS and Oakland County VEBA purchased shares of Driven Brands Holdings Inc. common stock during the Class Period and suffered damages as a result of Defendants' alleged violations of the federal securities laws.

## I.    Oakland County's Oversight of the Action

4. On May 31, 2024, the Court entered an Order appointing Oakland County and the Genesee County Employees' Retirement System ("Genesee") as Lead Plaintiffs in the Action pursuant to the PSLRA, and approving Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel in the Action. Oakland County, through my active and continuous involvement, closely supervised, carefully monitored, and actively participated in the prosecution of the Action. On behalf of Oakland County, I had regular communications throughout the litigation with Plaintiffs' Counsel. Additionally, BLB&G regularly submitted reports on the status of the litigation to Oakland County.

---

[1] All capitalized terms used herein that are not otherwise defined shall have the meanings provided in the Stipulation and Agreement of Settlement dated December 19, 2025 (ECF No. 77-1).

2

5.      Among other things, I, and other personnel at Oakland County:

(i)      Regularly participated in discussions with Plaintiffs' Counsel concerning significant developments in the litigation, including case strategy;

(ii)     Reviewed drafts and final versions of significant pleadings and briefs filed in the Action and submitted as part of the mediation, and discussed Court orders;

(iii)    Conducted and supervised the production of discovery by Oakland County, including document productions and responses to written document requests and interrogatories;

(iv)     Consulted with Plaintiffs' Counsel concerning the mediation process and settlement negotiations; and

(v)      Evaluated and approved the proposed Settlement for $25 million in cash.

6.      Oakland County was regularly kept informed regarding the status of the litigation, discovery, and affirmative litigation strategy throughout the Action, as well as the settlement negotiations as they progressed. Prior to and during the settlement negotiations and mediation process, I conferred with Plaintiffs' Counsel regarding the Parties' respective positions.

## II.     Oakland County Strongly Endorses Approval of the Settlement and the Plan of Allocation

7.      Based on its involvement throughout the prosecution of the Action, Oakland County believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. Oakland County believes that the proposed Settlement represents a substantial recovery for the Settlement Class, in light of the significant risks of continued litigation—including risks relating to falsity, scienter, loss causation, and damages. The Settlement eliminates those risks and instead guarantees a substantial, near-term recovery for the Settlement Class. Therefore, Oakland County strongly endorses approval of the Settlement by the Court.

3

Docusign Envelope ID: C156648C-2B09-85C6-832B-10278855F446

8. Oakland County also endorses the proposed Plan of Allocation and believes that it represents a fair and reasonable method for valuing Claims submitted by Settlement Class Members, and for distributing the Net Settlement Fund among Settlement Class Members who submit valid Claim Forms.

### III. Oakland County Strongly Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

9. Oakland County takes seriously its role as a Lead Plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Settlement Class and reasonably compensate Plaintiffs' Counsel for the work involved and the substantial risk of non-payment that they undertook in litigating the Action.

10. In light of the quality and quantity of work performed by Plaintiffs' Counsel and the excellent result obtained for the Settlement Class, as well as the serious obstacles to recovery in the Action, Oakland County strongly supports Lead Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Fund for all Plaintiffs' Counsel. Oakland County believes the requested fees are reasonable and appropriate under the circumstances of this case.

11. Oakland County further believes that Plaintiffs' Counsel's litigation expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of the Action. Accordingly, Oakland County approves the request for payment of litigation expenses submitted by Lead Counsel.

### IV. Oakland County's Request for Reimbursement of its Reasonable Costs and Expenses

12. Oakland County understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's motion for an award of litigation expenses, Oakland County seeks

4

reimbursement of the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

13. Oakland County personnel spent approximately 30 hours on the prosecution of the Action for the benefit of the Settlement Class by performing the following tasks, among others: (i) reviewing pleadings, motions, responses, and Court orders; (ii) consulting and strategizing with Plaintiffs' Counsel via telephone and email; and (iii) reviewing and responding to Defendants' discovery requests, including searching for and producing responsive documents and assisting in the preparation of written responses to document requests and interrogatories.

14. The time that employees of Oakland County and I devoted to the representation of the Settlement Class in the Action was time that we otherwise would have spent on other work for Oakland County and, thus, represented a cost to Oakland County.

15. Oakland County seeks reimbursement in the amount of $3,004.91 for: (i) the time that I devoted to supervising and participating in the Action in the amount of $2,246.51 (19.9 hours at $112.89 per hour); and (ii) the time that employees of Oakland County spent reviewing discovery requests and searching records and emails for responsive documents, as well as preparing responses to requests for production and interrogatories in the amount of $594.40 for Carly Webster, Retirement Administrator (8 hours at $74.30 per hour) and $164.00 for Kelly Pena, Lead Retirement Specialist (2 hours at $82.00 per hour).

## IV. Conclusion

16. Oakland County was closely involved throughout the prosecution and settlement of the Action, strongly endorses the Settlement as fair, reasonable and adequate, and believes that it represents an excellent recovery for the Settlement Class. Accordingly, Oakland County respectfully requests that the Court approve Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation. Oakland County also

5

respectfully requests that the Court award Plaintiffs' Counsel a reasonable and appropriate fee, as requested, as well as payment of litigation expenses, including Oakland County's and Genesee's requests for reimbursement of their reasonable costs and expenses incurred in prosecuting the Action on behalf of the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to execute this declaration on behalf of Oakland County.

Executed this 27th day of April, 2026.

Signed by:

Joseph Rozell
Board Chairperson
*Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association*

6